BERTHA WOLFE *v.* ANN R. BUCKLEY.

HOMESTEAD.—A widow having no children or kindred of her own blood sold her homestead, and with its proceeds purchased another home, on which, with some orphan grandchildren of her husband by a former marriage, and whose mother had been raised by her, she resided. While thus occupying it with the children, who were being supported by her and who were dependent on her, a moneyed judgment was rendered against her, upon which execution issued, which was levied on the home last purchased. After the levy, she adopted as her child one of the orphan children, in pursuance of an intention long formed. In a proceeding instituted by her to prevent the forced sale of the property, and claiming homestead rights : *Held*—

1. That there was no error in a judgment declaring the property exempt from forced sale as a homestead.

2. The adoption of the child under the circumstances stated in the opinion, did not constitute a fraud upon the rights of creditors, though made to strengthen the homestead claim.

APPEAL from Harris. Tried below before the Hon. James Masterson.

Bertha Wolfe, the appellant, obtained a judgment in the District Court of Harris county against Ann R. Buckley, had

an execution issued thereon and levied upon certain real estate in the city of Houston, which being advertised by the sheriff for sale, the appellee obtained an injunction against the sale, claiming the property to be her homestead, and filed this suit against the sheriff and Bertha Wolfe, and prayed that the injunction might be perpetuated.

The appellant demurred generally and specially; denied that the property was the homestead of the plaintiff, and set up special defenses against the homestead claim.

Noble, the sheriff, admitted the judgment, execution, levy, and advertisement, and denying that he had any personal interest, submitted himself to the judgment of the court and prayed for his costs.

The plaintiff below amended, excepted to parts of the answer of the defendant, and replied thereto.

The demurrer and exceptions of the defendant Wolfe and the first exceptions of the plaintiff were overruled, the second sustained, the property decreed to be the plaintiff's homestead and exempt from levy and sale, and the injunction perpetuated at the cost of Wolfe.

The judgment in favor of Wolfe against the plaintiff below was rendered December 10, 1878. Execution issued upon it January 2, 1879.

The execution was levied upon the property claimed as a homestead by Mrs. Buckley on February 10, 1879, which was advertised to be sold on the first Tuesday in March, 1879.

The injunction granted by the judge against the levy and sale was issued February 26, 1879, and served next day.

The plaintiff adopted Anna L. Howard as her child, under the statute, on January 25, 1879.

On June 27, 1877, the County Court of Harris county bound two minors, Leah and Rosa Legree, to the plaintiff, by consent of their father, until they should respectively arrive at twenty-one years of age; decreed that she should have the care, control, custody, and services of the minors, and she undertook their maintenance, care, and support.

The plaintiff acquired title to the property levied on, and claimed by her as a homestead, on October 29, 1875.

Mrs. Buckley testified that she moved to Texas in 1835, and had lived in Texas ever since; that her husband, C. W. Buckley, died in 1866; that when they were married he had three children by a former wife, and she had two children by a former husband; that after their marriage she took charge of her husband's children and cared for them as her own; that she never married again; that Mary L. Buckley, one of C. W. Buckley's children by his former wife, was two years old when when she married her father; that she raised Mary, who married W. H. Howard at her house, and Mary and her husband lived with her for about eighteen months after their marriage, and then moved away; that Mary died in September, 1877, and soon afterward Howard brought Mary's four children to her and they have lived with her ever since; that Howard had no home and was not able to support his children; that the Legree children were bound to her at the earnest request of their father; that they are colored persons; that she took the eldest one of them to her house before she took the other, and when bound to her she took the other one, and they have lived with her ever since, and she has taken care of and supported them; that she adopted Anna L. Howard, one of the children of Mary and W. H. Howard, on January 25, 1879, and she now lives with witness, and has done so since some time in September, 1877; that the Legree children have lived and slept in her residence ever since their binding, one being about seven and the other about nine years old, and they have no relatives except their father, who is aged and infirm; that Anna L. Howard is about eight years old; that at the death of her husband, in 1866, she had a homestead in Fort Bend county, Texas, and afterwards sold it, and with the proceeds bought a place in the city of Houston, Harris county, Texas, and occupied and lived upon that as her home until she sold it, and with the proceeds bought another place in said city, and occupied and lived upon that as her home until she sold it, and with the pro-

ceeds bought the place in said city on which she now lives, and has lived since April 1, 1876, being the same place described in her petition and the same levied on; that since she commenced occupying it she has claimed it as her homestead, and still so claims it, and has had no other home; that when she bought it, it had an old house upon it, which she did not occupy, and she had another built upon it; that she bought it to make her home upon it, and at the time of purchase it was not worth more than $1,000, and now is worth about $3,000; that she has never been without some one with her since she moved upon the property involved in this suit; that the Legree children have been with her all the time, and that the four children of Mary Howard, including Anna Howard, the one adopted, have been with her since September, 1877.

On cross-examination Mrs. Buckley stated that she had no child of C. W. Buckley with her after she moved to Houston, except Mary L. Buckley; that Mary married Howard on April 15, 1869; that Howard is now in business, and contributes, and has for a year contributed in part, for the support of his children, but not enough to pay fully for their support; that Nibbs is her son by a former husband, and one of his daughters has lived with her for some time; that her father was not able to pay her board in town, and wished her to go to school in Houston, as he lives in the country, and his daughter has lived with her, and her father has paid nothing for her board, but has paid for her tuition; that witness always intended to adopt Anna L. Howard, and her mother, Mary, had promised to give Anna to her, and Anna was named for witness; that witness knew of the judgment in favor of defendant Wolfe when she adopted Anna; that witness did not know what the court would do as to her claim of homestead in said property, and at the time she adopted Anna she did so to protect herself against said judgment and to save said property, but in doing so she had no intention to do wrong, and that neither of her own children has lived with her since she moved to Houston, but both were then married and had homes of their own.

*Crank & Webb*, for appellant.

I. The judgment is contrary to the law and evidence. The evidence showed that the plaintiff was unmarried at the date of purchase of the property claimed by her as a homestead, and also at the dates of the judgment, execution, and levy upon the property, and also at the trial; and that at neither of those dates did she have a family. (Paschal's Dig., arts. 30, 31, 6994; Const. of 1876, art. 16, secs. 50–52; Baird *v.* Trice, 51 Tex., 555; Whitehead *v.* Nickelson, 48 Tex., 517; Howard *v.* Marshall, 48 Tex., 471; Roco *v.* Green, 50 Tex., 483; Wright *v.* Hays, 34 Tex., 253; Burns *v.* Jones, 37 Tex., 50; Hoffman *v.* Neuhaus, 30 Tex., 633; Petty *v.* Barrett, 37 Tex., 84; Farmer *v.* Simpson, 6 Tex., 303; Mabry *v.* Harrison, 44 Tex., 286; White *v.* Shepperd, 16 Tex., 163; Potshuisky *v.* Krempkan, 26 Tex., 307; Kent *v.* Beaty, 40 Tex., 440; Batts *v.* Scott, 37 Tex., 59.)

II. The adoption of a person, under our statute, neither makes the adopted person a member of the family of the adoptor, nor imposes any obligation on the latter to support or maintain the person adopted. (Paschal's Dig., arts. 30, 31.)

III. The adoption being in the nature of a "gift," as we believe, and within the meaning of the word in our statute of frauds, and being made to make a family after the lien of Mrs. Wolfe's judgment had attached to the property, and being made to defeat the collection of the judgment, was a legal fraud upon Mrs. Wolfe, and was void as to the judgment, even if by such adoption a family was made.

The plaintiff testified that "she knew of the judgment in favor of the defendant in this suit when she adopted said Anna; that she [witness] did not know what the court would do as to her claim of homestead in said property, and at the time she adopted said Anna she did so to protect herself against said judgment and to save said property, but that in doing so she had no intention to do wrong." (Paschal's Dig., art. 3876; Belt *v.* Raguet, 27 Tex., 471; Story's Eq. Jur., secs. 186, 187, 258, 259, 349.)

IV. The judgment in favor of Mrs. Wolfe being a lien upon the property prior, in point of time, to the adoption of Anna L. Howard by Mrs. Buckley, and there being no homestead right in Mrs. Buckley in the property at the date of the judgment, the judgment bound the property and made it liable thereto, even though it should be held that the adoption made a family for Mrs. Buckley. (Paschal's Dig., art. 7005; Baird v. Trice, 51 Tex., 555; Farmer v. Simpson, 6 Tex., 303; Mabry v. Harrison, 44 Tex., 286; White v. Shepperd, 16 Tex., 163; Potshuisky v. Krempkan, 26 Tex., 307; Kent v. Beaty, 40 Tex., 440; Batts v. Scott, 37 Tex., 59.)

V. The apprentice law having been repealed, there was no law in force in Texas, in 1877, under which minors could be bound to another, and hence the binding of the Legree children to Mrs. Buckley was illegal and void. (Paschal's Dig., pp. 1192–1194; Laws of 1871, 1st Sess., ch. 92, p. 90.)

VI. Even if mistaken as to the last proposition, the binding of said minors to Mrs. Buckley, a single, unmarried person, did not make for her such a family as could give her a homestead right in the property; and being unmarried, she was not entitled to a homestead exemption. (Paschal's Dig., art. 6994; Whitehead v. Nickelson, 48 Tex., 517; Howard v. Marshall, 48 Tex., 471; Roco v. Green, 50 Tex., 483.)

VII. As no constituent of a family remained to Mrs. Buckley when she purchased the property levied on, nor when she commenced occupying it, nor at any time thereafter, including the times when the judgment was obtained, the levy made, the injunction suit filed, and the injunction served, and even up to the trial, she is not entitled to a homestead exemption, and the property is and was liable to the judgment in favor of Mrs. Wolfe, and the levy by virtue of the execution thereon. (Whitehead v. Nickelson, 48 Tex., 517; Burns v. Jones, 37 Tex., 50; Hoffman v. Neuhaus, 30 Tex., 633; Petty v. Barrett, 37 Tex., 84; Wright v. Hays, 34 Tex., 253; Trammell v. Neal, Tex. Law Jour., Jan. 28, 1880, p. 325.)

*Hutcheson & Carrington,* for appellee.

I. At the date of the judgment Mrs. Buckley was a widow, and had a family residing with her, dependent upon her, and using and occupying the property as a homestead. The property was therefore exempt from forced sale. (Const. of 1870, art. 12, sec. 15; Const. of 1876, art. 16, secs. 50–52; Homestead Cases, 31 Tex., 677; Wood *v.* Wheeler, 7 Tex., 13; Hoffman *v.* Neuhaus, 30 Tex., 633; McCreery *v.* Fortson, 35 Tex., 648; Taylor *v.* Boulware, 17 Tex., 77; Whitehead *v.* Nickelson, 48 Tex., 517; Howard *v.* Marshall, 48 Tex., 471; Roco *v.* Green, 50 Tex., 483; Thomp. on Home. and Ex., secs. 55–62.)

II. At the time of the levy of the execution and of the trial of the cause, appellee was the head of a family. (Paschal's Dig., arts. 30, 31, title ADOPTION; Stone *v.* Darnell, 20 Tex., 11; Macmanus *v.* Campbell, 37 Tex., 267.)

III. By the act of adoption, appellee stood in *loco parentis* to the child Anna Howard, in whose favor all the duties and responsibilities of a parent immediately devolved upon her. (Paschal's Dig., arts. 30, 31; Thomp. on Home. and Ex., par. 48; 1 Bouv. Law Dic., p. 90, title ADOPTION.)

IV. The adoption was in no sense a fraud upon appellant, and even if done for the purpose of strengthening appellee's right to her homestead, her right to it would not be vitiated thereby. (North *v.* Shearn, 15 Tex., 174; Stone *v.* Darnell, 20 Tex., 11; Thomp. on Home. and Ex., pars. 308–310; Cipperly *v.* Rhodes, 53 Ill., 346; Edmondson *v.* Meacham, 50 Miss., 35.)

V. By the adoption, the child Anna Howard became interested in the preservation of the homestead, and her rights should be respected. (North *v.* Shearn, 15 Tex., 176; Thomp. on Home. and Ex., par. 308.)

VI. If appellee had not been the head of a family at the date of the judgment, she became so by the adoption of the child Anna before the levy of the execution, and for this, if for no other reason, the injunction was properly perpetuated.

(Stone *v.* Darnell, 20 Tex., 11; Macmanus *v.* Campbell, 37 Tex., 267; Giddings *v.* Crosby, 24 Tex., 295; Trotter *v.* Dobbs, 38 Miss., 198; Irwin *v.* Lewis, 50 Miss., 363; Hawthorne *v.* Smith, 3 Nev., 182.)

VII. The policy of our laws is to protect widows in their right to a home, exempt from the demands of creditors. (Probate Laws of 1846, 1848; Paschal's Dig., arts. 1304, 1305; Hart. Dig., arts. 1061, 1107; Probate Law 1870, secs. 26, 125; Probate Law 1876, sec. 57; Green *v.* Crow, 17 Tex., 185; James *v.* Thompson, 14 Tex., 467; Giddings *v.* Crosby, 24 Tex., 295; Mabry *v.* Ward, 50 Tex, 404.)

Whether the apprentice law had been repealed or not, Mrs. Buckley was, morally and legally, bound to care for, support, and maintain the two Legree children. They became a part of her family, and were solely dependent upon her for support. (Roco *v.* Green, 50 Tex., 490; Thomp. on Home. and Ex., pars. 45, 46.)

BONNER, ASSOCIATE JUSTICE.—The judgment below exempts the property in controversy from forced sale, on the ground that the appellee, Mrs. Buckley, was the head of a family, and that the same constituted her homestead; and before the judgment should be reversed, it should appear that in this there was error.

The judgment against Mrs. Buckley, to the lien of which it is claimed the property should be subject, was rendered in favor of appellant, Mrs. Bertha Wolfe, on December 10, 1878. It was not controverted that Mrs. Buckley had lived upon the place since April, 1876. The only material question in the case was, whether Mrs. Buckley constituted such head of a family as, under our Constitution and laws, was entitled to the homestead exemption.

As said in Roco *v.* Green, 50 Tex., 490, owing to the want of appropriate legislation on this subject, we have had to decide the particular case under consideration by the aid of such rules of construction and analogy as were considered most applicable.

The testimony shows that Mrs. Howard, who was the daughter of C. W. Buckley, deceased, late husband of appellee, Mrs. Buckley, and who was her step-daughter, died in 1879, leaving four children, among them Anna Howard; that Mrs. Howard had been raised by Mrs. Buckley from a mere child, and had been a constant inmate of her family since her marriage with the father, C. W. Buckley, until the marriage of Mrs. Howard with W. H. Howard, in 1869; that after the death of Mrs. Howard, her surviving husband and the father of the children, having no home and being unable to support them, they were brought to the house of Mrs. Buckley, the property in controversy, and have lived with her ever since. This was prior to the date of the judgment in favor of appellant.

Subsequently to the levy of the execution, Mrs. Buckley, in pursuance of a previously long-formed intention, formally, under the statute, adopted the child Anna, and who then and since the death of her mother had been living with Mrs. Buckley.

Although the immediate cause of the adoption of the child Anna was to strengthen the homestead rights of Mrs. C. Buckley, yet, under all the circumstances of this case, the fact that this homestead had been purchased with proceeds derived from the sale of one which clearly was not subject to forced sale; that this purchase had been made and the new homestead occupied, as such, by Mrs. Buckley before the rendition of this judgment against her; the continued residence with her of the children of Mrs. Howard, also before its rendition, and under circumstances which seem to preclude any presumption that this was done with an improper purpose; the peculiar social status of the parties; the prior assumed obligation of Mrs. Buckley to support these children, and their state of dependence upon her for moral training, and for at least a portion of their support and maintenance; her previously long-formed intention to adopt Anna, and the general policy of our laws providing exemption in favor of widows and minor children,—we are not prepared to say that this did not constitute such

family as would be entitled to the protection of this property as a homestead, even without the adoption of the child Anna; or that if this adoption was necessary for this purpose, that, under the circumstances, there was such bad faith in the transaction as would amount to a fraud upon any previously-acquired rights of the judgment creditor.

It does not, in this case, become necessary to determine the legal effect of such adoption, further than that, if made in good faith, it would create such legal relation of parent and child as would constitute a family as contemplated by our Constitution and laws.

Neither does it become necessary, in the view we take of this case, to express any opinion upon the question whether there might not be a distinction, as affecting the right to acquire a homestead, between the rights of a creditor acquired by a judgment lien upon all the lands generally of the debtor, and those acquired by a specific lien upon a particular tract, as by attachment, mortgage, or vendor's lien. (North v. Shearn, 15 Tex., 174; Macmanus v. Campbell, 37 Tex., 267.)

The judgment is affirmed.

AFFIRMED.