Substituted opinion of the court.

## D. H. SCOTT, ADM'R, v. JOHN CUNNINGHAM ET AL.

(Case No. 1379.)

1. DISPOSITION OF A DECEASED'S EXEMPTED PROPERTY.— The laws in force in this state on this subject have often been construed, as in Green v. Crow, 17 Tex., 184. In that case it was held that the property of the deceased, which during life-time was exempt from forced sale, vested absolutely in the beneficiaries pointed out by law. Hart. Dig., art. 1154.

2. STATUTES CONSTRUED — ADMINISTRATION.— The act of 1870 (Pasch. Dig., art. 5847) does not inaugurate a different line of policy and right from that which prevailed prior to its adoption, because of its failure to point out specially the manner in which the exempted property should be distributed among the beneficiaries. The act of 1848 considered. Under the act of 1870, all of the deceased's property exempted, except for the purposes of a partition of a solvent estate, is withdrawn from administration when any constituent of the family of the deceased survived him. The value of such exempt property may be withdrawn though not existing in kind. Also, under the act of 1870, the legislature intended to give the use of the property to the family so long as the family relation existed, but when such relation ceased, by death or otherwise, the property would return to the estate for the heirs and creditors not constituents of the family at the death of the ancestor.

APPEAL from Lamar. Tried below before the Hon. R. R. Gaines. The opinion states all the facts necessary to its understanding.

*Hale & Scott*, for appellant, cited: Soye *v.* McCallister, 18 Tex., 80; Simmons *v.* Blanchard, 46 Tex., 267; Murchison *v.* White, 54 Tex., 86; Horn *v.* Arnold, 52 Tex., 164; Carter *v.* Randolph, 47 Tex., 376.

*W. B. Wright*, for appellees.

### SUBSTITUTED OPINION.

*Per Curiam.*— This suit was brought by D. H. Scott as the administrator of the estate of S. H. Bills, deceased, against John Cunningham, in the ordinary form of trespass to try title, to recover two hundred acres of land.

The other appellees, who were the children of J. H. Bills, and his wife, Elizabeth, who had died prior to the institution of the suit, made themselves parties defendant in the suit as the landlords of Cunningham, whom they alleged was their tenant.

J. H. Bills died in February, 1876, leaving his wife Elizabeth the only constituent of his family, all of their children being adults and having homesteads of their own.

The land in controversy was the homestead of J. H. Bills and his wife at the time of his death, and was also community property.

The estate of J. H. Bills was insolvent, and D. H. Scott was appointed the administrator of his estate in August, 1876. Elizabeth Bills died on the 1st day of June, 1876. The appellant claims that the property in controversy vested in him as the administrator of the estate of J. H. Bills for the purposes of administration, and the appellees, the children of John H. Bills and Elizabeth, his wife, claim that title thereto vested in their mother at the time of the death of their father, and that upon the death of their mother title thereto vested in them absolutely, freed from liability to sale through the administration upon their father's estate for the debts thereof.

The determination of this question depends upon the true construction to be given to the act of the 15th of August, 1870 (Pasch. Dig., art. 5487), which is as follows: "The property reserved from forced sale by the constitution and laws of this state, or its value, if there be no such property, does not form any part of the estate of a deceased person where a constituent of the family survives."

The laws in force in this state prior to the act of 15th of August, 1870, in reference to the disposition of the property of a deceased person, which, during the life of such person, was exempt from forced sale, have often been the subject of examination in this court, and in the opinion rendered in the case of Green v. Crow, 17 Tex., 184, the substance of the several laws is clearly stated, and the conclusion arrived at that under the act of 1848 (Hart. Dig., art. 1154), such property, belonging to insolvent estates, vested absolutely in the beneficiaries therein pointed out. The conclusions of that opinion have been followed and applied by this court in a number of subsequent cases.

Unless there is something in the act of August 15, 1870, which indicates that it was intended by the legislature to inaugurate a line of policy and of right different to that which had formerly prevailed, it should not be so construed.

It appears from the language of the act in question that it was the intention of the legislature to absolutely withdraw from administration all of the property of a deceased person exempt from forced sale, except for the purpose of partition of a solvent estate, in the event that any constituent of the family of the deceased person survived him, and it, in terms, declares that such property shall constitute no part of the estate.

It further provides that the value of such exempt property may

be so withdrawn, which must be understood to mean that the value of such property may be so withdrawn from the estate when the exempt property does not exist in kind. The construction placed upon the act of March 20, 1848, was largely influenced by the facts that thereunder other property of an estate which perishes with its use, and money which could only be of value to a family in its expenditure, were permitted to be taken by the beneficiaries in place of the exempt property not found among the assets of an estate. The same intention is manifested in the act of August 15, 1870. The act of 1848 more clearly defined the interests which the several beneficiaries should take, if there were more than one, than does the act now under consideration, but it clearly indicates that the surviving constituents of the family are to be the beneficiaries, and it is not believed that the failure of the act of August 15, 1870, to point out specially the manner in which the exempt property or its value should be distributed among the beneficiaries, is sufficient to indicate an intention of the legislature that the use only of the property should be given to the family so long as the family relation existed, and that after that relationship had ceased, by deaths or the arrival of the children at majority, the property should return to the estate for the benefit of creditors or heirs not constituents of the family at the time of the death of the ancestor.

We are of the opinion that title to the property in controversy vested in Elizabeth Bills at the time of the death of her husband. Elizabeth Bills died after the adoption of the present constitution, and we are not called upon in this cause to determine whether or not the property in controversy upon her death became liable to be subjected to the payment of the community debts of herself or her deceased husband; that may be true without affecting the merits of the present controversy.

· There being no error in the judgment, it is affirmed.

AFFIRMED.

ON REHEARING.

STAYTON, ASSOCIATE JUSTICE.— This cause has been considered on rehearing, and we are of the opinion that the proper disposition was made of it when before this court in the year 1881, and the opinion then given, which was destroyed by fire, is now substituted and made the opinion of this court.

It is due to counsel to say that many of the interesting questions raised in their argument upon rehearing are not so presented by the record as to make their decision necessary or proper.

The judgment of the court below is affirmed.       AFFIRMED.

[Opinion delivered December 19, 1883.]