## SPICY A. CHILDERS v. D. J. HENDERSON & CO.

### No. 2723.

1. **Homestead.** — Before the adoption of the Constitution of 1876 the homestead, under the statutes and decisions of the courts, was uniformly secured to the widow and children who were surviving constituents of the family against the claims of creditors after the death of the head of the family, as fully as it had been done during his lifetime.

2. **Same—Descent.**—After the death of the wife the husband died, leaving property consisting of a rural homestead and some personal property exempt during his life from forced sale. For thirty years before his death a widowed daughter had resided with him, and with her daughters had been partially supported by him. She was so living with him when he died. He had also three other adult children who did not live with him. Construing articles 1874, 1993, 2003, 2335, Revised Statutes; the Constitution of 1876; article 1305, Paschal's Digest; *held:*

1. The Constitution exempts from forced sale the homestead of the family.

2. It was not intended by the Constitution when it declares that the homestead "shall descend and vest like other real property," that it should be subject to administration in favor of creditors, and to make void the legislation exempting and setting it aside to the survivor and other members of the family.

3. It was the object of the Constitution to provide for the equal distribution of the homestead among the heirs of the owner when it shall become subject to distribution after the uses to which it is devoted have ceased.

4. The homestead can not be disposed of in an administration where a constituent of the family survives who is entitled to participate in its occupancy otherwise than by partition among the heirs of the owner, if it becomes subject to partition before the close of administration.

5. The same homestead exemption existing in favor of the head of a family during life is continued in favor of the wife or minor child, even if the sole survivor and the family should become otherwise extinct.

6. When on the death of the owner of the homestead no constituent of the family survives, the exemption ceases, and the homestead becomes subject like other real estate to be sold to pay debts.

7. The exemption from forced sale extended under the Constitution and laws for the benefit of the daughter as a constituent of the family, and the estate was not subject to administration on the application of creditors.

APPEAL from Jasper. Tried below before Hon. W. H. Ford.

The opinion states the case.

*W. W. Blake,* for appellant. — 1. Jehu Bevil was entitled to a homestead, although his wife was dead. Const., art. 16, sec. 51; Rev. Stats., arts. 1817, 2007, 2008, 2335; Taylor v. Boulware, 17 Texas, 74; Lacy v. Rollins, 74 Texas, 566; Wilson v. Cochran, 31 Texas, 679; Thomp. on Home. and Ex., secs. 44, 45, 49, 56, 57, 72, 572.

2. Mrs. Childers, the contestant, although a part of the family of Jehu Bevil, was also the head of a family herself, entitled to be protected in her homestead rights which she claimed in this land. Rev. Stats., arts. 2007, 2008; James v. Thompson, 14 Texas, 463; Sossaman v. Powell, 21 Texas, 664; Smith v. Deschaumes, 37 Texas, 429; Crabtree v. Whiteselle,

65 Texas, 111; Luhn v. Stone, Id., 439; Thomp. on Home. and Ex., sec. 49; 7 Am. and Eng. Encyc. of Law, pp. 803, 804, 806.

3.  The homestead descends to the heirs occupying it, not charged with the debts of the deceased.  Taylor v. Boulware, 17 Texas, 74; Bassett v. Messner, 30 Texas, 611; Givens v. Hudson, 64 Texas, 471; Thomp. on Home. and Ex., sec. 572.

4.  Where a constituent of the family survives who would be entitled to the exemption, and is in actual occupancy of the homestead with the deceased, it is not subject to forced sale for debts, but descends to the heir not charged with the debts.  Crabtree v. Whiteselle, 65 Texas, 111; Luhn v. Stone, 65 Texas, 439; Givens v. Hudson, 64 Texas, 471; James v. Thompson, 14 Texas, 463; Sossaman v. Powell, 21 Texas, 664; Thomp. on Home. and Ex., sec. 572.

5.  There being no property subject to administration, it was error to grant letters of administration on the estate of Jehu Bevil.  Const., art. 16, sec. 52; Rev. Stats., arts. 1817, 2007, 2008.

*T. W. Ford,* for appellees.—Where a person who is entitled to a homestead dies without leaving any wife, unmarried daughter, or minor children surviving him, his homestead descends and vests in his heirs as any other of his real property subject to his debts.  Givens v. Hudson, 64 Texas, 472; Roco v. Green, 50 Texas, 483; Const., art. 16, sec. 52.

HENRY, ASSOCIATE JUSTICE.—Appellees, as creditors of Jehu Bevil, deceased, applied for letters of administration upon his estate.

Appellant resisted the grant of letters on the ground that there was no necessity for an administration because there was no property subject to one.

The only property owned by the deceased at the time of his death was a tract of land containing one hundred acres, upon which he resided, and a small quantity of personal property exempt from forced sale.  Bevil had resided on the land for many years.

Besides appellant he had three adult children and some grandchildren by a deceased son, none of whom lived with him.

Appellant was his daughter.  She married and left her father's family.

About thirty years before her father's death she became a widow and returned with two children to her father's house.  Subsequent to her return her mother died and her father remained a widower until his death.

Appellant and her children remained with her father until his death. She kept house for him, ate at the same table with him, and she and her daughters were partially though not entirely provided for by him.

One of the appellant's daughters married before her father died; the other one remained with her unmarried.  Appellees were creditors of the deceased.  The court granted letters of administration.  Article 1874 of

the Revised Statutes in effect directs that administration upon an estate may be prevented by showing there is no necessity for one.   As in the case before us there were debts, the only way by which an administration could be shown to be unnecessary was by establishing that there was no property belonging to the estate that was subject to the payment of the debts.   It is admitted that there was no property so subject during the lifetime of Bevil.

The Constitution exempts from forced sale "the homestead of a family."   It also directs that, "On the death of the husband or wife, or both, the homestead shall descend and vest in like manner as other real property of the deceased, and shall be governed by the same laws of descent and distribution; but it shall not be partitioned among the heirs of the deceased during the lifetime of the surviving husband or wife, or so long as the survivor may elect to use or occupy the same as a homestead, or so long as the guardian of the minor children of the deceased may be permitted under order of the proper court having jurisdiction to use and occupy the same."

Under our statutes all real estate except the homestead on the death of the owner intestate vests in his heirs subject to the payment of the ancestor's debts.

It must be admitted that the language of the Constitution, that the homestead "shall descend and vest like other real property," does not indicate that it was the purpose to make the homestead subject to administration in favor of creditors and to make void all legislation exempting and setting it aside to the survivor and other members of the family.   It is obvious that no such result was in fact intended.

Before the adoption of the Constitution of 1876 the statutes and the decisions of the courts had uniformly secured the homestead to the widow and children who were surviving constituents of the family against the claims of creditors after the death of the head of the family, as fully as it had been done during his lifetime.

When it ceased to be used by the constituents of the family, after the death of the owner and head of the family, while it then had never gone to the creditors, it, to say the least, had not been clear, when the estate was insolvent, either under the statutes or the construction given to them by the courts, that in the ultimate partition of the land it would be distributed to all of the heirs of the owner according to the rules of descent governing his other real estate, but rather the contrary.   Pasch. Dig., art. 1305; Green v. Crow, 17 Texas, 180.

It seems to us that in this respect the purpose of the Constitution is to provide for the equal distribution of the homestead among the heirs of the owner when it shall become subject to distribution after the uses to which it is devoted have ceased, and not to suggest or provide a con-

tingency upon which it will become subject to the claims of creditors. Brau v. Von Rosenberg, *supra,* 522.

Like the Constitution, the statute exempts from forced sale "the homestead of the family." Rev. Stats., art. 2335.

The Legislature has directed that out of every estate there shall be set apart "for the use and benefit of the widow and minor children and unmarried daughters remaining with the family of the deceased, all such property of the estate as may be exempt from execution or forced sale by the Constitution and laws of the State." Rev. Stats., art. 1993.

The Legislature has provided that in ascertaining the solvency of an estate property classed as exempt shall not be estimated or considered as assets of the estate. Rev. Stats., art. 2003. And also that "the executor or administrator shall have the right to the possession of the estate as it existed at the death of the testator or intestate, except such as may be exempted from the payment of debts." And also (Rev. Stats., art. 2007) that "the homestead shall not be liable for the payment of any of the debts of the estate" except for purchase money, taxes, and improvements.

The foregoing provisions show, we think, that the intention of the Legislature was that the homestead should not be disposed of in an administration where a constituent of the family entitled to participate in its occupancy survived, otherwise than by partition among the heirs of the owner if it should become subject to partition before the close of the administration.

While by one section of the Constitution it is the homestead of "a family" that is protected from forced sale, another section (52, art. 16) shows that the same exemption was intended to be continued in favor of the husband, wife, or minor child, even if they should become the sole survivor and the family should become otherwise extinct.

Independently of the Constitution, the exemption of the homestead and the right to occupy it under such circumstances has been recognized by the decisions of this court. Schneider v. Bray, 59 Texas, 670; Blum v. Gaines, 57 Texas, 119; Kessler v. Draub, 52 Texas, 574.

The Constitution takes it for granted that the protection from forced sale of the homestead "of a family" will enure to the benefit of every surviving constituent of the family without express mention, as is shown by its providing against its being partitioned contrary to the right of occupancy of the surviving husband, wife, and minor children, without mention of creditors.

Subject to the manner of its final partition and its use until then, its status with regard to creditors was left, as it always had been, to the Legislature. When upon the death of the owner of the homestead no constituent of the family survives, and as a consequence there remains no family, the exemption ceases and the homestead becomes subject like

other real estate to be sold for the payment of debts.    Givens v. Hudson, 64 Texas, 471.

But if upon the death of the owner any constituent of the family survives so that the family continues to be represented, then the homestead, subject to the prior right of occupancy of such as are protected in remaining, descends and vests in the heirs of the owner.· See Brau v. Von Rosenberg, *supra*, 522.

A daughter who having been once married becomes unmarried and returns to her father's house, and who is permanently domiciled and remaining there as a member of his family at the date of her father's death, comes within the literal terms of the statute as one of the members of the family to whom and for whose benefit the exemption is preserved. Whether or not she is within the spirit of the law, and whether the purpose may not have been to limit the exemption to such daughters as have never dissolved their family relations and acquired others by marriage, is a question about which we have had much difficulty. While there will arise cases to the contrary, it will no doubt very often occur that a daughter so circumstanced comes within every purpose for which such protection was provided.

In fact, few reasons can exist for making the exemption in favor of a daughter who was never married, without regard to her age, condition, and finances, that may not apply with equal if not greater force to one who, as a widow, seeks again the protection of her father's homestead and as such is remaining there when he dies.

We do not feel ourselves at liberty to hold that appellant should not be included in the description of an "unmarried daughter remaining with the family of the deceased" or "living with the family," as it is expressed in subdivision 4, of article 1996, Revised Statutes.

This leads us to the conclusion that as there exists no property subject to administration none should have been granted.

The judgment of the District Court will be reversed and a judgment rendered in this court dismissing the application for the grant of an administration and for costs in favor of appellant.

*Reversed and rendered.*

Delivered March 28, 1890.

STAYTON, CHIEF JUSTICE, DISSENTING.—In my opinion the only interest in the homestead formerly occupied by the deceased father which can be withdrawn from administration is that inherited by the daughter who resided with him.

She remained or lived with her father, and under the terms of the statute but not otherwise may be regarded as the remaining constituent of the family. The statute seems to make such an unmarried daughter a constituent entitled to the benefit of some of the provisions made for

the family of a deceased person.    Whether, if this be true, the property would be subject to partition it is not now necessary to determine.

That the interests of the other adult heirs in no sense constituents of the family can be exempted from payment of the ancestor's debts because her interest. may be, seems to me to be contrary to the spirit as well as the letter of the law.    My views upon this question have been presented in another case and will not be repeated.