## ANNIE G. LACY ET AL. V. SOLOMON LOCKETT, ADMINISTRATOR.

### No. 7053.

1. **Homestead of Insolvent Husband.**—Upon the death of the husband, leaving a widow the only constituent of the family, the widow is entitled to the property as a homestead. This homestead property inheres in the land, and creditors have no rights in it as against heirs. In this case the husband left a married daughter. On her mother's death she took title to the land free from any claim of her father's creditors.

2. **Same—Administration.**—The administrator has *no rights in the homestead* where a constituent of the family survives. Those entitled to the homestead when set apart to them take it unburdened with debts and free from claims of creditors, save for purchase money.

3. **Case Adhered to.**—Zwernemann v. Von Rosenberg, 76 Texas, 552, adhered to.

APPEAL from Johnson. Tried below before Hon. J. M. HALL. The opinion states the case.

*Poindexter & Padelford,* for appellant Mrs. Lacy.—When a person whose estate is hopelessly insolvent dies intestate, leaving his wife as the only constituent member of his family surviving him, the homestead of said family having been by a judgment of the Probate Court at the proper term thereof set aside to said surviving widow, forms no part of the assets of said estate, and can at no time be appropriated to the payment of the debts of said decedent. And when said decedent leaves only one child, a daughter, surviving him, who with her husband shortly after the death of her father moves upon the old homestead, when they with her mother (the said surviving widow of said decedent) all three live as one family on the old homestead, having no other homestead, for about three years, when and where the said surviving widow dies, leaving her said daughter as the only heir of herself and deceased husband, and when said daughter and only heir with her said husband continue thereafter to reside upon said homestead as their homestead for three years after the death of her mother, when an administrator de bonis non is appointed on her deceased father's estate, said administrator has not a right and title to said homestead superior to said daughter and only heir. Rev. Stats., arts. 1817–2007, 2164, 2857; Porter v. Sweeney, 61 Texas, 216; Griffie v. Maxey, 58 Texas, 214; Leatherwood v. Arnold, 66 Texas, 414; Green v. Crow, 17 Texas, 181, et seq.; Sossaman v. Powell, 21 Texas, 664; Reeves v. Petty, 44 Texas, 250; O'Docherty v. McGloin, 25 Texas, 71; Watson v. Rainey, 69 Texas, 319; Rainey v. Chambers, 56 Texas, 17, et seq.; Wilmington v. Sutton, 6 Iowa, 46; Gaskell v. Case, 18 Iowa, 147; Ellsworth v. Ellsworth, 33 Iowa, 165; Howe v. McGivens, 25 Wis., 525.

*Crane & Ramsey,* for appellant Mrs. Anderson.—The estate of N. H. Cook being insolvent, and during the pendency of the administration thereon the property in controversy having been set apart to his surviving widow as a homestead by the Probate Court of Johnson County, Texas, as provided by the statute, her title thereto became absolute, and she took it free from all debts of the intestate. Rev. Stats., art. 2002; Scott v. Cunningham, 60 Texas, 566; Clift v. Kauffman, 60 Texas, 64; Green v. Crow, 17 Texas, 188; Reeves v. Petty, 44 Texas, 249; Horn v. Arnold, 52 Texas, 161; Putnam v. Young, 57 Texas, 461; Abney v. Pope, 52 Texas, 288.

*Bledsoe, Patton & Brown,* for appellee.—Upon the death of N. H. Cook, in 1881, the community homestead of said N. H. Cook and his wife M. A. Cook descended and vested as other real property of the said decedent, subject alone to the homestead right of Mrs. M. A.

Cook, which ceased at her death; and there then being no such constituent of the family of said N. H. Cook as under the Constitution and laws in force in 1881, or at the time of Mrs. Cook's death, could hold or occupy said homestead free from the claims of creditors, the said homestead like other real property of a decedent became liable to be subjected to the payment of debts. Const. 1876, art. 16, secs. 50, 52; Rev. Stats., arts. 2335, 1993–2009; Givens v. Hudson, 64 Texas, 471; Griffie v. Maxey, 58 Texas, 214; Rev. Stats., arts. 1653, 1654; Ashe v. Yungst, 65 Texas, 631; Fagan v. McWhirter, 71 Texas, 567; Duke v. Reed, 64 Texas, 714; Davis v. McCartney, 64 Texas, 584; Shannon v. Gray, 59 Texas, 252; Roco v. Green, 50 Texas, 483.

MARR, JUDGE, *Section A.* — Appellee Solomon Lockett, upon the 28th day of March, 1887, brought this suit as administrator de bonis non of the estate of N. H. Cook, deceased, against the appellants, Mrs. Annie G. Lacy and her husband and Mrs. Diana Anderson, and against Mrs. Susan Bouldin, the widow, and the children of J. W. Bouldin, deceased, to recover as a part of the estate of the said N. H. Cook lots Nos. 1, 2, 3, 4, 6, and 8, in block No. 13, in the city of Cleburne. By the judgment of the court below, rendered on the 1st day of December, 1888, the plaintiff as administrator recovered of Mrs. Lacy and husband lots Nos. 1, 3, and 6, and of Mrs. Anderson lot No. 8, but as to lots Nos. 2 and 4 the finding was in favor of the Bouldins, who were dismissed with their costs. Mrs. Lacy (joined by her husband) and Mrs. Anderson have alone appealed from the judgment.

The lots before mentioned were all community property of N. H. Cook and his wife Mrs. M. A. Cook, and constituted their homestead at the time of his death. He died in May, 1881, leaving his wife and their only child, Annie G. Lacy, as his heirs at law. Before the death of the father the daughter Annie had married W. D. Lacy, and they were residing on a homestead of their own when N. H. Cook died. His wife Mrs. M. A. Cook, therefore, was the sole surviving "constituent of the family." A short time after the death of the father Mrs. Lacy and her husband "moved upon the land in controversy, where they and Mrs. Cook as one family lived as their home" until the death of Mrs. Cook, which occurred in January, 1885. Thereafter Lacy and wife continued to reside upon the homestead, and resided there when the judgment was rendered below against them.

The court found, and the fact is conceded by counsel upon both sides, that the estate of N. H. Cook was and is insolvent. In September, 1881, Mrs. Cook was appointed administratrix of the estate, and in November of that year the County Court by an order duly set apart the property in controversy as the homestead to her as the surviving widow of N. H. Cook, deceased. She continued to be administratrix until some time in the year 1884, when at the instance of one of the

sureties she was required to give another bond by the County Court, which she refused to do. Subsequently it appears that the appellee was duly appointed and qualified as administrator de bonis non of the estate. Mrs. Cook had filed her final account, but what action the County Court took in reference thereto does not clearly appear. The estate had not been settled nor fully administered at the time of her death.

We will now add the facts necessary to show the extent of the interests of Mrs. Anderson and the Bouldins in any part of the land: On the 4th day of December, 1884, Mrs. M. A. Cook and the appellants, Mrs. Annie G. Lacy and her husband, conveyed lots Nos. 2 and 4 to J. W. Bouldin, now deceased. After the death of Mrs. Cook, Lacy and wife conveyed lot No. 8 to appellant Mrs. Diana Anderson. The appellants on this appeal contend that the court below erred in hold·ing the land in controversy to be, under the circumstances, any part of the estate of N. H. Cook, deceased, or liable for the payment of his debts, and consequently that the administrator ought not to have been allowed to recover the property for the purposes of administration.

We regard the question here presented as determined in accord with appellants' contention by the decision of the Supreme Court in the case of Zwernemann v. Von Rosenberg, 76 Texas, 522, and that therefore the judgment rendered in favor of the administrator is incorrect and ought to be reversed. Rev. Stats., arts. 2002, 1817. Under article 1817 the administrator is not entitled to the possession of the exempted property. The estate of N. H. Cook being insolvent, and the homestead having been "set apart," in accordance with the provisions of law in such cases, by the County Court to Mrs. Cook as the surviving widow and constituent of the family, she took the same unburdened with any debts of the husband and free from the claims of his creditors. Rev. Stats., art. 2002; Childers v. Henderson, 76 Texas, 664. This exemption under the circumstances was a continuing and a permanent one and "adhered to the land," not merely to the homestead right in the land. This results from the terms of the present statutes on the subject, and was the rule under former laws. Rev. Stats., arts. 2002, 2007, 1817, 1993, 2005; Zwernemann v. Von Rosenberg, supra; Scott v. Cunningham, 60 Texas, 566; 56 Texas, 20; 44 Texas, 249; Horn v. Arnold, 52 Texas, 161; Green v. Crow, 17 Texas, 188. Article 2002 is unconstitutional only in so far as it attempts to vest the fee in the homestead in the widow or other surviving constituents of the family, absolutely, to the exclusion of the adult sons or married daughters, contrary to the mode of descent prescribed in the Constitution. Case first cited, and Const., art. 16, sec. 52. The balance of this provision of law is operative. Id. The remaining part, which does not conflict with the Constitution, plainly declares that the homestead set apart to "the widow and children" as

provided by law, and when the estate proves to be insolvent, "shall not be taken for any debts of the estate," except for the purchase money thereof, taxes thereon, and for improvements. Rev. Stats., art. 2007. As construed in the opinion of the majority of the court in the foregoing cases, this provision of law has the effect of removing the property set apart to the surviving wife from the assets of the estate of the decedent, and of permanently protecting the property from the claims of the creditors. Of course, if both husband and wife die, leaving no constituent of the family, the homestead could not be "set apart," but would be assets in the hands of the administrator for the payment of debts. Givens v. Hudson, 64 Texas, 471.

Upon the death of N. H. Cook, his wife and daughter inherited or took the title to the land composing the homestead in equal portions, and upon the decease of Mrs. Cook the title to the whole property (except that part already sold) vested in the appellant, Mrs. Annie G. Lacy. As the exemption from forced sale continued from the time it was set apart to her mother, and as it was thereafter not liable for the debts of the deceased father, as we have seen, it follows that she inherited the property absolutely and free from the claims of the creditors or the administrator. 76 Texas, 664; Hoffman v. Hoffman, 79 Texas, 189. These conclusions, we think, necessarily result from the opinion of the court in Zwernemann v. Von Rosenberg, supra, and we content ourselves, therefore, with resting the decision now made upon the authority of that case. (See dissenting opinion of Chief Justice Stayton.) This also determines the question in favor of Mrs. Anderson. The Bouldins were protected by the judgment below, upon the ground that the purchase money paid by J. W. Bouldin was expended by Mrs. Cook in improving the land in dispute. No one complains of that on this appeal.

We conclude that as between appellee and the Bouldins the judgment in their favor ought to be affirmed; but that between appellants, Mrs. Diana Anderson and Mrs. Annie G. Lacy and her husband, and the appellee, the judgment in his favor should be reversed and here rendered in favor of the appellants, so that appellee shall take nothing by the suit, but that the appellants be dismissed with their costs and that appellee as administrator, etc., shall be adjudged to pay in due course of administration all costs of the District Court and of this appeal.

*Reversed and rendered.*

Adopted November 10, 1891.

STAYTON, CHIEF JUSTICE.—I do not concur in the opinion in this case, for the reasons given in dissenting opinion in Zwernemann v. Von Rosenberg, 76 Texas, 528.