### W. G. BARRY v. V. W. HALE ET AL.

#### No. 130.

**Homestead Exemption—Family of Single Man.**—Where an unmarried man has a sister, and also a widowed mother whom he supports and who has no homestead of her own, residing with him upon his own place, this constitutes a family within the meaning of the Constitution and exemption statutes, and the property so occupied is not subject to forced sale.

APPEAL from Lamar. Tried below before Hon. E. D. McClelland.

*Hodges & Pollard*, for appellant.—Plaintiff and his widowed mother and dependent sister constituted such a family as was intended to be protected by the exemption laws of this State. Webster's Dictionary, title

"Family," defines a family to be "the collective body of persons who live in one house, and under one head or manager; a household, including parents, children and servants, and as the case may be, lodgers or boarders." 1 Bouv. Law Dic., title "Family;" Const., art. 16, sec. 50; Rev. Stats., arts. 2335, 2336; Taylor v. Boulware, 17 Texas, 77; Wilson v. Cochran, 31 Texas, 680; Roco v. Green, 50 Texas, 490; Wolfe v. Buckley, 52 Texas, 648, 649; Thomp. on Home. Ex., secs. 55–62.

*Hale & Hale*, for appellees.—Plaintiff's allegations, and the evidence thereunder, do not show that he was entitled to hold the property in controversy as a homestead, he being a single man. To entitle a single man to a homestead exemption, it is necessary for him to allege and prove that the persons who constitute the family are such persons as the law or morals require him to support and provide for, and in addition to that, he must allege and prove that such person or persons are dependent on him for maintenance and support—not simply that he supports them. This appellant has neither alleged nor proved. Roco v. Green, 50 Texas, 490; Whitehead v. Nickelson, 48 Texas, 528; Howard v. Marshall, 48 Texas, 475; Thomp. on Home. Ex., sec. 46; Sallee v. Waters, 17 Ala., 488; Edrington v. Newland, 57 Texas, 632; Walton v. Reager, 20 Texas, 108; Ramey v. Allison, 64 Texas, 700.

HEAD, ASSOCIATE JUSTICE.—The only question in this case is, whether or not the following evidence shows that the lot in question was exempt from forced sale as the homestead of a family; to-wit: "I am the plaintiff in this case. I am a single man, —— years of age, and have never been married. I own the house and lot, the subject matter of this suit. I bought the lot something over three years ago for a home for my widowed mother, my sister, and myself. My mother is well advanced in years, and has no other homestead. Soon after I bought the lot, I built the house now on it, and when completed, my mother and sister, and also a younger brother, moved in the house, and they and myself have been living in it ever since as a home, and neither my mother nor I have any other home. I bought and paid for all the furniture in the house, except a few things in my mother's room belonging to my mother. We occupied the house as our home at the date of the execution which was enjoined in this case, and now so occupy it. I support my mother out of my own earnings."

We believe that this evidence certainly describes a family within the ordinary meaning of this word, and we are also of opinion that it shows such a family as was intended by our Constitution and exemption statute. It is true, it is not stated in so many words that appellant's mother had no other property, and was dependent upon him for a support, but we believe that this is the fair construction that should be placed upon the evidence. It is stated that his mother has no other home, and that he

supports her out of his own earnings, and we believe it would be attributing to appellant qualities far above the average to construe this evidence as meaning that he is taking care of his mother out of his own earnings, although she has property from which she could support herself.

We believe it would comport more with common experience to look for the son to use the mother's property in supporting himself, rather than expect him to support an *independent* mother out of his own earnings. If his mother is dependent upon him for a support, it can hardly be contended that appellant would not be entitled to this exemption. Roco v. Green, 50 Texas, 483; Wolfe v. Buckley, 52 Texas, 641; Ramey v. Allison, 64 Texas, 697.

In Wolf v. Buckley it was held that an old lady, taking care of dependent step-grandchildren, was entitled to the homestead exemption, although such children had no legal claim upon her.

We have copied in the opinion all of the evidence in the case, which will be taken as our conclusions of fact.

We are of opinion, that the court below erred in holding the property not exempt, and in dissolving the injunction; and as the trial was before the court without a jury, the judgment will be reversed, and will here be rendered perpetuating the injunction as prayed for in appellant's petition.

*Reversed and rendered.*

Delivered March 23, 1893.

A motion for rehearing was overruled.