JAMES PHILLIPS ET AL. V. F. E. PRICE ET AL.

No. 1022.

</div>

**Homestead Exemption—Grandchild as Constituent of Family.**

Where a minor granddaughter, whose parents are living and able to support her, with their consent lives for several years with her widowed grandmother, as a companion, the arrangement being terminable at the will of either of the parties, she is not such a constituent of the family of the grandmother as that, upon the death of the latter, intestate and insolvent, she can claim the homestead as against creditors of the estate.

APPEAL from Anderson. Tried below before Hon. J. R. BURNETT.

*Word & Gooch,* for appellants.

*Thomas B. Greenwood & Son,* for appellees.

WILLIAMS, ASSOCIATE JUSTICE.—Mrs. Julia DeBard, a widow, died intestate on the 8th day of November, 1893, leaving, as her only children, an adult son, Jeff DeBard, and a married daughter, Mrs. Flora Phillips, who, with the husband of the latter, are appellants, and leaving a homestead which is the subject matter of this controversy.

Several years before Mrs. DeBard's death, at her solicitation, Rena Phillips, the minor daughter of Mrs. Flora Phillips, with the consent of her parents, left the home of her father, who then lived on his farm, and went to Palestine to live with her grandmother, as a companion; and from that time until Mrs. DeBard's death, this granddaughter lived with and was maintained and supported by her. About six months after her death, this granddaughter, then about nineteen years old, married and has since boarded at another place.

Mr. and Mrs. Phillips had two other children and, in 1891, they all moved to Palestine, not intending to return to their farm, and from that time, all of them, together with Jeff DeBard, lived with Mrs. De-Bard until her death. Mr. Phillips was able to support his daughter Rena, but, as a fact, she was supported by her grandmother, who for several years before her death had been in feeble health and wanted the companionship and help of. the girl.

The estate, if the homestead is excluded, is insolvent.

The question presented upon these facts is, whether or not the minor granddaughter is entitled to the homestead exempted from the claims of creditors, and we are of the opinion that she is not. It may be seriously doubted whether or not, since the adoption of section 52 of article 16 of the Constitution and articles 1993 to 2009 of the Revised Statutes, any person, but the surviving husband or wife, minor children or unmarried daughters of the deceased owner of the property, is entitled to take the homestead freed from the claims of creditors. Givens v. Hudson, 64 Texas, 472; Zwerneman v. Von Rosenberg, 76 Texas, 522; Childress v. Henderson, 76 Texas, 664.

None of these cases decided or involved the question stated, but the opinions in all of them seem to assume that the constitutional and statutory provisions referred to name the only persons who may take the homestead left by a decedent, freed from the claims of creditors. In a number of cases in which the question as to the exemption from forced sale of the homestead during the life of the owner was involved, courts have held that others than children of the owner might constitute a family within the sense of the constitution and laws extending such exemption. Wolfe v. Buckley, 52 Texas, 641; Whitehead v. Nicholson, 48 Texas, 530; Rainey v. Allison, 64 Texas, 700.

Other cases might be cited in which the doctrine last stated has been fully recognized. It does not follow that, after the death of the owner to whom the exemption during his life was thus secured, any person whose presence in his household has helped to constitute a family and to give rise to the exemption, can hold the property against his creditors. The course which the descent of the title to the property which has constituted the homestead takes after death of its owner and its status with reference to the rights of creditors are regulated by other provisions. It is unnecessary to rest our decision of this case upon so broad a proposition as that no one but a surviving wife or husband, a minor child or unmarried daughter can take the homestead of a decedent

against his or her creditors. It has been held by a court for whose opinion we have great respect that, under proper circumstances, a grandchild of the decedent may succeed to such right in the homestead. Clark v. Goins, 23 S. W. Rep., 703.

The facts appearing in the record fail to bring the case of Rena Phillips within any of the decisions in which persons other than a husband, wife or child, have been recognized as constituents of a family. So far as the evidence shows, Mrs. DeBard had assumed no duty and was under no moral obligation to care for and support her granddaughter, and the latter was under no obligation to submit herself to her grandmother's authority or to render her service. The arrangement by which they were living together was purely temporary and voluntary, terminable at the will of either of themselves, or of the girl's parents. The girl was still a member of her father's family, subject to his authority, owed to him the duty of a child to a parent, and was entitled, in return, to the care and protection which a parent owes to his child, and which he was able and, we must assume, willing to afford. In short, she was a constituent of her father's family, and not of that of her grandmother. Applying the tests laid down in Roco v. Green, 50 Texas, 483, and other cases, the granddaughter was not entitled to the homestead.

*Affirmed.*

Delivered February 20, 1896.