## RANDOLPH v. WHITE et al.

(Circuit Court, W. D. Texas, Waco Division. March 3, 1905.)

### No. 261.

1. HOMESTEAD—EXEMPTION—RIGHTS OF CHILDREN.

Under Rev. St. Tex. 1895, art. 2046, providing that it shall be the duty of the court to set apart for the use and benefit of the widow, minor children, and unmarried daughters remaining with the family of the deceased all such property as may be exempt from execution by the Constitution and laws of the state, with the exception of an exemption of one year's supply of provisions, on the death of a person leaving three unmarried daughters surviving, living with him at the time as a part of his family, the homestead which he then occupied descended to and vested in such daughters and the other surviving children, free from the father's debts.

[Ed. Note.—For cases in point, see vol. 25, Cent. Dig. Homestead, § 272.]

2. SAME—ADMINISTRATION—NECESSITY.

Such homestead being exempt from forced sale to satisfy the father's debts, no administration was necessary to render the exemption effectual.

3. SAME—STATUTES—VALIDITY.

Rev. St. Tex. 1895, art. 2046, authorizing the probate court to set aside property exempt from forced sale to the widow, minor children, and unmarried daughters remaining with deceased's family, is not repugnant

to Const. art. 16, § 52, declaring that on the death of husband or wife or both the homestead shall descend and vest as other real property, but shall not be partitioned among the heirs during the life of the surviving husband or wife, or so long as the survivor may elect to use or occupy the same as a homestead, or as the guardian of the minor children of the deceased may be permitted, under order of the proper court having jurisdiction, to occupy the same.

## In Equity.

The complainant filed a bill in this cause to subject a tract of real estate to the payment of a judgment which he had recovered in the United States Circuit Court for the Northern District of Texas against Sam White, Sr. The cause has been submitted to the court on the pleadings and the following stipulation of counsel: "For the purpose of submitting this cause for determination upon bill and answer it is agreed that the following facts are to be considered in the record: (1) The complainant had a valid and subsisting judgment against Sam White, Sr., at the time of his death, rendered in the Circuit Court of the United States for the Northern District of Texas, at Dallas, Texas, and more than $25,000 of said judgment is still unsatisfied. (2) That Sam White, Sr., died intestate and insolvent about May 3, 1894, leaving as his children and heirs at law the defendants in this cause, to wit, Fannie Watson, now a married woman, Sam White, Jr., Paris White, Willie Sullivan, now a married woman, and Edna White, an unmarried woman; all of said children being of age at the date of the death of Sam White, Sr., who, for the purposes of this suit in equity, it is admitted died seised and possessed of no real property except his homestead and an immaterial amount of personal property exempt from execution. (3) The property involved in this suit was the homestead of Sam White, Sr., and his children for many years prior to the date of his death. The wife of Sam White, Sr., died many years prior to the date of his death, and at the time of his death the homestead was occupied by himself and his three daughters above mentioned, who were all then unmarried. (4) Executions were issued upon said judgment and the land in controversy was sold under the same prior to the death of Sam White, Sr., and subsequent to the death of Sam White, Sr. (5) No guardianship proceedings were ever taken as to the estate of any of said children, and no administration has ever been had upon the estate of Sam White, Sr. (6) Since the death of Sam White, Sr., the property in question has been occupied by said daughters until they married, and is now occupied by Edna White, the sole unmarried daughter. (7) The sole question to be determined in this cause is whether or not the said property descended to any or all of the heirs of Sam White, Sr., charged with the debt in question, or whether, because of the occupancy of the same by unmarried daughters after the death of Sam White, Sr., the property is free from claim of complainant as a creditor of Sam White, Sr."

Boynton & Boynton, for complainant.
Clark & Bolinger, for defendants.

MAXEY, District Judge (after stating the facts). After a careful examination of the decisions of the Supreme Court of this state, the court has reached the following conclusions, based upon the proof as embodied in the stipulation of counsel:

1. Upon the death of Sam White, Sr., there being three unmarried daughters at that time living with him as a part of the family, the homestead, then occupied by the father and three unmarried daughters, descended to and vested in such daughters and other surviving children of the deceased father. Rev. St. Tex. 1895, art. 2046; Childers v. Henderson, 76 Tex. 664, 13 S. W. 481; Zwernemann v. Von Rosenberg, 76 Tex. 522, 13 S. W. 485. See, also, Roots v. Robertson, 93 Tex. 365, 55 S. W. 308.

2. Under the facts of this case the children of the deceased father inherited the property mentioned free from the ancestor's debts. See authorities above.

3. The homestead being exempt from forced sale to satisfy the ancestor's debts, there was no necessity for administration to render the exemption effectual. Childers v. Henderson, 76 Tex. 664, 13 S. W. 481.

4. Article 2046 of the Texas Revised Statutes of 1895, which authorizes the probate court to set aside property exempt from forced sale, etc., to the widow, minor children, and unmarried daughters remaining with the family of the deceased, is not repugnant to article 16, § 52, of the Constitution of the state, which is in the following words:

"On the death of the husband or wife, or both, the homestead shall descend and vest in like manner as other real property of the deceased, and shall be governed by the same laws of descent and distribution, but it shall not be partitioned among the heirs of the deceased during the life time of the surviving husband or wife, or so long as the survivor may elect to use or occupy the same as a homestead, or so long as the guardian of the minor children of the deceased may be permitted, under the order of the proper court having the jurisdiction, to use and occupy the same."

The fact that the statute goes a step further than the Constitution in directing the probate court to set aside the exempt property to unmarried daughters, who are not named in article 16, § 52, of the Constitution, does not render the statute obnoxious to the objection that it is repugnant to that instrument. In deciding the case of Childers v. Henderson, supra, the Supreme Court of Texas necessarily held the statute to be constitutional, and that ruling is binding upon this court. See, also, Zwernemann v. Von Rosenberg, supra. It may be stated in this connection that there is nothing inconsistent with this view in the later case of Roots v. Robertson, supra. Indeed, in that case—93 Tex., at pages 372, 373, 55 S. W., at page 310—it is expressly held that "the constituents of a family who are entitled to the homestead and other exempted property upon the death of the head are named in the law and the Constitution."

The answer, therefore, to the question propounded by counsel in the agreed statement of facts is, and must be, under the decisions of the Supreme Court of Texas, that upon the death of Sam White, Sr., the homestead property in question descended to his children free from the claim of the complainant as a creditor of the deceased.

A decree will accordingly be entered dismissing the bill for want of equity, at the cost of the complainant.