## In re MUSSEY.

(District Court, W. D. Texas, San Antonio Division. June 8, 1910.)

### No. 466.

1. HOMESTEAD (§ 23*)—PERSONS ENTITLED—"HEAD OF A FAMILY."

Where a widower occupied property with a family, consisting of three children and his mother-in-law, and after coming of age his son left the place, a daughter was married, but after a time separated from her husband, and returned with three children to live with her father, while the mother-in-law and remaining daughter continued to make their home with him, though one had independent means, and the other earned a livelihood, the widower was the "head of a family," and the place he occupied a homestead.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. § 32; Dec. Dig. § 23.*]

2. HOMESTEAD (§ 1*)—NATURE OF RIGHT CREATED.

The homestead right of a widower, the head of a family, in Texas, is absolute and unconditional, and beyond the reach of creditors.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. § 1; Dec. Dig. § 1.*]

3. HOMESTEAD (§ 23*)—PERSONS ENTITLED—UNMARRIED PERSON.

That the head of a family is unmarried does not affect his homestead right.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. § 32; Dec. Dig. § 23.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r.Indexes

**4. BANKRUPTCY (§ 396\*)—REMEDIES OF BANKRUPT—HOMESTEAD EXEMPTION.**

Property occupied by a widower, the head of a family, as a home, was properly set aside to him in bankruptcy as a homestead, exempt from forced sale.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 396.\*]

In Bankruptcy.

The only question to be determined is whether the trustee was right in setting apart to the bankrupt the property in controversy as his homestead. The facts are undisputed and they appear in the following findings by the referee:

"Findings of fact upon contest of report of trustee setting apart to the bankrupt as exempt property lot No. 2, in city block No. 125, in the city of San Antonio, Bexar county, Tex., together with all improvements thereon: I find: That the property in controversy was acquired by the bankrupt in the year 1888, at which time the bankrupt was a widower and the head of a family, consisting of himself and three minor children and his mother-in-law. That said property has ever since its acquisition been occupied and used by the bankrupt, together with the members of his family, as a homestead, and that he had no other homestead during that time. That after his children came of age his son left the homestead and is no longer a member of bankrupt's family. That some years prior to this date his daughter Mabel married, but was separated from her husband four years ago, and upon such separation returned to the shelter of her father's home, together with her three minor children, grandchildren of the bankrupt. That said daughter and her children have no other homestead nor income, and are dependent upon and have since been furnished by the bankrupt with means of support and the shelter of a home. That the bankrupt's daughter Laura, although of age, has never ceased her relation as a member of bankrupt's family, but has continued to live with the bankrupt and occupy the property in controversy as her home, and as one of the members of his family, and, although she is earning a livelihood, she is still dependent upon the bankrupt for a home, and he has continued to assist in her support and maintenance. I find, therefore, that Hart Mussey is the head of a family, which consists of himself, his unmarried daughter, his married daughter Mrs. Bates, his three grandchildren, and his mother-in-law, who, although possessed of independent means, has continued to use this property as her home."

In addition to the foregoing facts, it is conceded by counsel representing the respective parties that the bankrupt is insolvent. The referee approved the report of the trustee, setting apart the property to the bankrupt as his homestead, and therefore exempt from the claims of his creditors, and denied the petition of D. Sullivan & Co., the exempting creditors.

Denman, Franklin & McGown, for Sullivan & Co.
Earl D. Scott, for the bankrupt.

MAXEY, District Judge (after stating the facts as above). Under the facts of this case the court is of the opinion that Hart Mussey is the head of a family and that the property in controversy is his homestead. As a homestead it is free from the claims of creditors. Mussey's homestead right is absolute and unconditional, and the decisions of the courts of Texas place it beyond the reach of his creditors. Krueger v. Wolf, 12 Tex. Civ. App. 167, 33 S. W. 663; Bank v. Cruger, 31 Tex. Civ. App. 17, 71 S. W. 785; Wolfe v. Buckley, 52 Tex. 641; Barry v. Hale, 2 Tex. Civ. App. 668, 21 S. W. 983; Lacy v. Lockett, 82 Tex. 190, 17 S. W. 916. See, also, Brau v. Von Rosenberg, 76 Tex. 522, 13 S. W. 485; Childers v. Henderson, 76 Tex. 664, 13 S. W. 481; Randolph v. White, 135 Fed. 875.

It is immaterial whether Mussey acquired the homestead as a single or married man. In either event, in view of the facts found, the result would be the same. See Krueger v. Wolf, supra; Bank v. Cruger, supra; Wolfe v. Buckley, supra; Barry v. Hale, supra.

The trustee was right in setting aside the property to the bankrupt as his homestead and exempt from forced sale, and an order will be accordingly so entered.