### SULLIVAN et al. v. MUSSEY.

(Circuit Court of Appeals, Fifth Circuit. November 22, 1910.)

#### No. 2,097.

BANKRUPTCY (§ 400*)—EXEMPTIONS—JURISDICTION OF COURT OVER EXEMPT PROPERTY.

Where property of a bankrupt has been properly set off to him as a homestead, the court of bankruptcy has no further jurisdiction over it, and the bankrupt's trustee has no equity therein that can be made the subject of a sale by him.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 400.*]

Petition for Revision of Proceedings of the District Court of the United States for the Western District of Texas, in Bankruptcy.

In the matter of Hart Mussey, bankrupt. Petition by D. Sullivan and others to review an order of the District Court. Denied.

Floyd McGown, for petitioners.
Earl D. Scott, for respondent.

Before PARDEE and SHELBY, Circuit Judges.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep't Indexes

PER CURIAM. The petitioner's contention that the bankrupt's property, conceded to have been properly set off to him as a homestead, can be sold by the bankruptcy court, subject only to life estate of the bankrupt, or that the trustee for the creditors has any equity in the homestead exemption that can be made the subject of sale by trustee, seems to be wholly untenable under the bankruptcy law.

The questions involved appear to have been properly decided in the bankruptcy court (In re Mussey, 179 Fed. 1007), and the petition for revision is denied.