R. VICTORIA R. CARTER AND HUSBAND v. LUCY E. RANDOLPH.

1. HOMESTEAD—ESTATES—PARTITION.—The statutes make no distinction between separate and community property, when it is made a homestead. Whether an estate is solvent or insolvent, property made a homestead under the Constitution and laws of the State, and being such at the decease of the husband, is left still as a homestead for the widow, and will continue to be her homestead as long as she needs and uses it for that purpose.

2. HOMESTEAD—ABANDONMENT.—That a widow has not occupied a homestead after her husband's death for two years, is not proof of abandonment.

APPEAL from Robertson. Tried below before the Hon. Spencer Ford.

This case was submitted upon an agreed statement, under the rules adopted January 18, 1877, at Galveston. The facts are given in the opinion.

*W. H. Hamman,* for appellants.—Under the 26th section of

the probate law of 1870, the property in controversy forms no part of the estate of deceased, and, unless this section provides a rule of descent (not of distribution) of the property in the homestead, and casts the inheritance upon the constituent of the family who survives, to the exclusion of the heirs of the deceased, and abrogates all laws of descent in conflict with it, (and this by implication, for certainly it does not do so in terms,) the court below erred in its disposition of the case on defendant's pretended plea in abatement and demurrer.

The section certainly withdraws, or rather withholds, the property reserved from forced sale from administration, and therefore, the fact that the succession of the deceased was still open, cannot in any way affect the case, and the ruling of the court cannot be sustained on this ground.

Does the 26th section give us the rule of descent? The title of the law is, "An act prescribing the mode of proceeding in District Courts in matters of probate;" and to give the law the effect contended for by appellee, would make it obnoxious to the constitutional provision, that "every law enacted by the Legislature shall embrace but one object, and that shall be expressed in the title."

Evidently, the statute contemplates only a remedy, and not a rule of right. If I am correct in my view of this statute, it is sustained by the soundest principles of policy and right. If the court below was correct, I venture to say that the statute is not based upon principles of law or morals, and of course not upon grounds of public policy.

Should appellee be sustained by the determination of the suit, and marry again and then die, her second husband, being the surviving constituent of the family, would take the home; and should he also marry a second time and die, and his wife survive him, and so on, indefinitely, the homestead would be handed down for all time to strangers, for whom the original proprietor could have felt no concern, in whom he had no interest, and for whom it was not in any way his

duty to provide; and appellant, his sister, whether fortunate enough to be provided with a home or not, would be forever excluded from her rightful inheritance.

Suppose the deceased had no wife, but had five living children, all of age or all minors, no· matter who are the constituents of the family, they must remain upon the homestead, and use and enjoy it jointly forever, because it cannot be partitioned. Again, suppose, at the time of his death, the deceased had a negréss keeping house for him, and, by accident, she is the only constituent surviving, she takes the property reserved from forced sale.

These results, and many others which would inevitably follow, were surely never contemplated; and a construction of the law which forces such conclusions cannot be correct, and, I believe, will not be sustained by this court.

The property involved in this suit was the separate property of the deceased, and, under the facts of the case, and the law of descent and distribution, passed March 18, 1848, appellants take one half, and are entitled to the partition.

*Collard & Field,* for appellee, cited Shepherd *v.* Cassiday, 20 Tex., 28; Gouhenant *v.* Cockrell, 20 Tex., 96; Mills *v.* Von Boskirk, 32 Tex., 362; O'Docherty *v.* McGloin, 25 Tex., 67; Singletary *v.* Hill, 43 Tex., 590; Lockhart *v.* White, 18 Tex., 109; Reeves *v.* Petty, 44 Tex., 253; Green *v.* Crow, 17 Tex., 183; Wood *v.* Wheeler, 7 Tex., 13; McCreery *v.* Fort-son, 35 Tex., 648; Pryor *v.* Stone, 19 Tex., 372; Sossaman *v.* Powell, 21 Tex., 664.

ROBERTS, CHIEF JUSTICE.—Counsel agree that the case is made by plaintiff's pleading, as follows: "Date of suit, October 7, 1875; George F. Randolph died intestate and insolvent, October 16, 1873; was the owner of the property in controversy in his separate right, and at the date of his death he and his wife (appellee) occupied it as their homestead.

"He leaves no children, and no heirs, except his sister, Mrs.

Carter, who, joined by her husband, brings this suit for one half the property, and for partition. The widow owns a large property in her own right, and has not resided on the property in controversy since the death of her husband.

"Appellee administered on estate. Succession still open. Issues raised on demurrer: Do appellants show a right of property and of partition? Court below held not, and dismissed the case. Appealed from.

"Assignment of errors: Court erred in sustaining defendant's plea in abatement and demurrer, and in rendering judgment for defendant."

We are of opinion that the court did not err in its judgment upon the case as here presented.

It is contended by appellants that, as the estate is insolvent, the homestead property was, and is, no part of the estate to be administered; and being separate property of the husband at the time of his death, the surviving wife, the appellee, was entitled to half of it, and his sister, one of the appellants, Mrs. Carter, was entitled, as his heir, to the other half, under the general law of descent and distribution in this State. (Paschal's Dig., art. 3422.)

Under the law of 1870, (Paschal's Dig., art. 5487,) it would seem that the homestead was no part of the estate to be administered, whether it was insolvent or not. That article reads as follows, to wit:

"The property reserved from forced sale by the Constitution and laws of this State, or its value, if there be no such property, does not form any part of the estate of a deceased person, where a constituent of the family survives."

In the preceding section it is said, "the term, estate of a deceased person, includes all the rights and obligations of the deceased as they existed at the time of his decease, together with all that has accrued thereto since, and the new charges to which it becomes subject."

By a subsequent section it is provided, by way of explanation, as it would seem, that "the object of administration is

to apply as much of the estate as may be necessary to the payment of the debts of the deceased; to distribute the estate or the balance after the payment of debts, to the persons entitled to receive it," &c. (Paschal's Dig., arts. 5486, 5487, 5490.)

These provisions of the statute make no distinction between the separate property and the community property, when it is made a homestead. Whether it is one or the other, or whether the estate is solvent or insolvent, property made a homestead under the Constitution and laws of this State, and being such at the decease of the husband, is left still as a homestead for the widow, she being the constituent of the family surviving, and is not regarded as part of the estate and taken into the administration, for the purpose either of paying debts or of partition amongst the heirs. Being the homestead of the family, consisting of husband and wife, upon the death of the husband, the wife surviving, it is declared by the statute to be no part of the estate of the deceased husband. It follows, as a necessary consequence, that it remains the homestead of the wife. The law attaches to it that effect and consequence, from it having been made and continuing to be the homestead at the time of his death. Under the general tenor of our decisions, it must be held that it will continue to be her homestead as long as she needs and uses it for that purpose. But in case she abandons it, or in case of her death, it having been originally the separate property of the husband that was made the homestead, the question then arises, to whom does the property belong, he having left collateral heirs.

In a case under the law of 1848, similar in its facts to this, except that it was community property, it was held by this court that the wife took the absolute title to the property. That conclusion was reached by analogy to the provision for and disposition of an allowance made by the statute in lieu of a homestead when there was none. (Green *v.* Crow, 17 Tex., 187.)

And the same decision was subsequently made in a case where there were a widow and children surviving, in which it did not appear whether the property had previously been community property or not. (Reeves *v.* Petty, 44 Tex., 249.)

In both of these cases the contest was with creditors of the deceased, in insolvent estates, under the law of 1848. In this case, it is not believed to be necessary now to decide the question of ultimate title to the property, as between the widow and his heir, being his sister, because the facts, as presented in the record before us, do not make out a case of abandonment of the homestead by the widow. It does not follow that she has abandoned it, by not having lived on it since the death of her husband. The husband died on the 16th of October, 1873, and the suit was brought two years afterwards, lacking a few days, (5th October, 1875.) There may been many good causes for her not residing on it, other than the intention to finally abandon it as a homestead. The simple fact of her absence from it two years is not of itself an abandonment, and will not be so construed by this court, and that is a sufficient ground upon which to decide this case in favor of the widow.

JUDGMENT AFFIRMED.