JOHN W. RAINEY AND WIFE V. E. S. CHAMBERS, GUARDIAN, ETC.

(Case No. 1103.)

1. HOMESTEAD.— The title to the homestead of the husband and wife, upon his death in 1863, he dying insolvent, and no constituent of the family other than the widow surviving him, vested in the widow, and a conveyance of the same by her, made afterwards, vests the title in the purchaser.

2. DEED — CONTRACT.— A deed from a mother to a son recited a consideration paid. Afterwards the mother died, and by will devised the land to another, who, in an action of trespass to try title brought against him by the son's heir, under a plea of "not guilty" attempted to show that the real consideration of the deed from the mother was the son's promise to pay her a stipulated sum yearly, which was never paid. *Held,*

    (1) The deed from the mother to the son, reciting a consideration paid, and love and affection, was an executed contract.

    (2) The deed was not cancelled by the failure to pay the stipulated annuity.

    (3) In the absence of evidence showing the inability of the son's estate to comply with his alleged agreement, proof that he failed to pay the annuity would constitute no defense.

3. ESTOPPEL.—No agreement made by the guardian of a minor concerning the partition of an estate in which he is interested, can, unless ordered or sanctioned by a court having jurisdiction, operate an estoppel on the minor.

APPEAL .from Red River. Tried below before the Hon. Reuben R. Gaines.

*W. B. Wright,* for appellants.

I. The court erred in rendering a judgment for the plaintiff in the court below, because the facts show that the deed made by Mrs. Cynthia Robbins to John R. Robbins, her son, was executed upon the consideration that the said John R. Robbins was to pay her the sum of $1,000 in cash, and also to pay her during her life-time the further sum of $500 per annum for her support; and that shortly after the execution of said deed, the said John R. Robbins died, without performing, on his part, the agreement executed by him at the time the deed was executed by his mother, Mrs. Cynthia Robbins; and that he died without paying any part of the consideration for the property embraced in said deed to him. Where a deed or other instrument, originally valid, has, by subsequent events, made it impossible for the consideration to be performed by the vendor, the deed becomes inoperative and void.

II. The court erred in rendering a judgment for the plaintiff in the court below, because the facts show that the consideration of the deed from Mrs. Cynthia Robbins to her son, John R. Robbins, had entirely failed, and that John H. Chambers, the executor of John R. Robbins, and testamentary guardian of Sallie Robbins, the child of John R. Robbins, with all of the children of Cynthia Robbins, during her life-time, and after the death of said John R. Robbins, made a compromise and adjustment of all their difficulties and troubles existing between them, and executed an agreement to this effect as a final settlement and adjustment, and is an estoppel upon the plaintiff. An agreement of parties, fairly understood, which avoids the necessity of legal proceedings, is a sufficient consideration to support the agreement. 1 Story's Eq. Jur. (12th ed.), sec. 706c; Dancy· *v.* Stricklinge, 15 Tex., 557; Ryan *v.* Maxey, 43 Tex., 192.

*Sims & McDonald,* for appellee.

STAYTON, ASSOCIATE JUSTICE.— This suit was brought by the appellee, in right of his ward, to recover an undivided one-fourth interest in the tract of land described in the petition.

· The land described in the petition constituted the homestead of John Robbins, who died about the year 1863, leaving no constituent of his family other than his widow, Cynthia Robbins, but leaving children, all adults.

In the·year 1870 Cynthia Robbins conveyed the land described in the petition to her son, John R. Robbins, who was the father of the ward of appellee.

In 1871 John R. Robbins died testate, and by his will devised to his mother the undivided three-fourths of the land described in the petition, and to his daughter the residue.

In 1877 Cynthia Robbins died testate, and by her will gave to Mrs. Rainey, one of the appellants, the property in petition described.

The estate of John Robbins was insolvent.

The only plea to the merits interposed by the appellants was the plea of "not guilty."

There was testimony tending to show that John R. Robbins, in consideration of the conveyance made to him by his mother, agreed to pay to her for her support the sum of $500 per annum during her life-time, and that the same had not been paid; and it is now claimed that the failure so to pay cancelled the deed made by the mother to the son.

The first assignment of error in substance is, that the court below erred in not so holding. The deed from the mother to the son was an executed contract, reciting a consideration fully paid, and the further consideration of love and affection.

After the death of John R. Robbins, an agreement was

made between the widow of John Robbins and three of their children and the guardian of Sallie Robbins, the daughter of John R. Robbins, for a partition of the estate of John Robbins, deceased, which provided for the partition to be made by commissioners named, who were by said agreement to partition the estate, make a report of the same, and the report, when signed by the parties to the agreement, was to operate as a deed of partition. The commissioners named partitioned the estate, in so far as the land in controversy is concerned, and made a report thereof which was signed by all the parties to the agreement except the guardian of Sallie Robbins. In the partition thus made the land now in controversy was allotted to Cynthia Robbins. It was not shown that, in making the agreement for partition above referred to, the guardian of Sallie Robbins was acting in any manner under the order of the probate court having jurisdiction of her estate.

After the partition above referred to, all of the property of the estate of John Robbins was sold for the payment of the debts of his estate, except the two hundred acres of land described in the petition in this cause.

It is claimed that, by the agreement and partition above referred to, the ward of the appellee is estopped from claiming the land in this cause sued for; and that the court below did not so rule, is in substance another assignment of error relied upon in this court.

We are of the opinion that title to the land described in the petition in this cause, it being the homestead of John Robbins at the time of his death, his estate being insolvent and no constituent of his family other than his widow, Cynthia, surviving, vested in her at the time of his death; and that the deed made by the widow to John R. Robbins, of date September 12, 1870, passed title thereto to him. 17 Tex., 187; 44 Tex., 249; 47 Tex., 380; 52 Tex., 164.

The deed from Cynthia Robbins to John R. Robbins was an executed contract, reciting a consideration paid; but it is contended that the real consideration was not paid, and that the failure to pay the same cancelled the deed.

We know of no case which has established such a doctrine. If the contract between John R. Robbins and his mother was such as it is claimed to have been by appellants, it was a valid contract, and might have been enforced against his estate after his death. It is not shown that his estate is insolvent, or not amply able to comply with any contract he may have made. Under the facts claimed to be true by appellants, a lien existed upon the land now sued for by appellee, and might have been enforced to pay any obligation assumed to his mother.

Cases may exist in which, upon the failure and inability of a party to comply with such a contract as the appellants claim was made between John R. Robbins and his mother, a court of equity, upon proper pleading and proof, would cancel a conveyance; but such a case is not made by the pleading or proof in this cause. 52 Tex., 426.

This is a suit of trespass to try title; the only plea to the merits is the plea of "not guilty;" and the only defense set up by the evidence in that part of the defense now under consideration was, that the purchase money had not been paid.

By the will of John R. Robbins, an undivided three-fourths of the land vested in his mother, and by her will that interest in said property vested in Mrs. Rainey, one of the appellants, and the remaining one-fourth remains the property of Sallie Robbins, unless the agreement for partition made between Cynthia Robbins and her three children and the appellee, as guardian of his ward, and the action of the commissioners thereunder, have divested such interest.

We are of the opinion that, in the absence of authority from the probate court having jurisdiction of the guardianship of Sallie Robbins, that her guardian had no legal power to make such an agreement, and that the rights of his ward cannot be divested thereby. If any such authority existed it was incumbent upon the appellants to show that fact; not having done so, no such authority can be presumed.

There is no error in the judgment of the court below, and it is in all things affirmed.

AFFIRMED.

[Opinion rendered November 25, 1881.]