No. 2297.

## JOHN WATSON ET AL v. JOHN RAINEY AND WIFE.

**1.** HOMESTEAD.—Under the law as it existed in 1863, title to land which was possessed and owned as a homestead vested absolutely in the widow of the deceased husband, he dying insolvent, freed from all claim by his heirs, or liability to pay debts against his estate. It was not liable for any community debts contracted by the husband during his life.

**2.** HOMESTEAD—FORCED SALE.—Even if by an agreement in partition between the surviving wife whose husband died in 1863, and his children, the main estate could be held bound to pay community debts under a judgment afterwards rendered against the surviving widow for a community debt, which was made the basis of a subsequent judgment against her administrator, for payment in due course of administration as a charge upon all the community property remaining at the time of the husband's death "as well as all the interest devised by him to her which may be subject to forced sale for the payment of debts," the homestead of the wife would not be bound. Such judgment would constitute a complete bar to the right of such creditors and their privies to subject the homestead to forced sale. If the debt on which the judgment was rendered was one for which the wife was personally liable, a judgment might have been rendered against her administrator which would have subjected her former homestead to sale, she having died leaving no constituent of the family.

APPEAL from Red River. Tried below before the Hon. H. W. Lightfoot, Special Judge.

*J. G. Dudley* and *E. S. Chambers,* for appellant: On their proposition that where a party purchases or takes property and agrees to pay off a debt or a part of a debt which is against the property, the property thus taken is liable in the hands of such person for the payment of the debt, and such person also becomes personally liable for such debt, and it is not necessary that there should be any consideration from the person holding the debt, cited Hollinsworth v Davis, 62 Texas, 439, 440; Wilcox v. The State, 24 Texas, 544; Freeman on Judgments, sections 47 to 52. Jones v. Jones, 15 Texas, 43; Johnson v. Harrison, 48 Texas, 257; Woodley v. Adams, 58 Texas, 530; Carter v. Connor, 60 Texas, 52.

*H. D. McDonald* and *H. B. Wright,* for appellees: The

property in controversy—three-fourths of it—being the separate, individual property by absolute fee simple title of Cynthia Robbins at the time of her death, and she not being liable individually for the community debts of John Robbins and herself, held the same free from such debts, and the same passed to her devisee, Mrs. Rainey, free from such debts, and the debt of appellants being only a community debt, the said land is not chargeable therewith, and is not assets for the payment of the same, citing Rainey v. Chambers, 56 Texas, 17, and authorities there cited; Davis v. McCartney, 64 Texas, 584; Leatherwood v. Arnold, 66 Texas, 414.

The judgment of the district court of Red River county, of June 19, 1878, made in the matter of the application to sell the land of Cynthia Robbins (which land embraced that in controversy), to which proceedings appellants were parties, recognized, passed upon and adjudicated the homestead rights of Cynthia Robbins, and of the beneficiary under her will (appellee Mrs. Rainey), and forever estops and precludes appellants from subjecting the same to their debt. (Thompson on Homesteads, sec. 614; Freeman on Judgments, secs. 319a and 608; Harrison v. Obertheir, 40 Texas, 386; Pelham v. Murray, 64 Texas, 477; Cannon v. Bonner, 38 Texas, 487; Porter v. Sweeney, 61 Texas, 215; Murchison v. White, 54 Texas, 78.)

STAYTON, ASSOCIATE JUSTICE. This is a suit brought by the appellees to restrain the sale of a tract of land which was formerly community property owned by John and Cynthia Robbins, and occupied by them at the time of the death of John Robbins, which occurred in the year 1863, as their homestead. John Robbins was insolvent at the time of his death, although he owned a considerable landed estate, and he left no constituent of his family other than his wife Cynthia. He had, however, several children, but they were of age or married and had ceased to reside with their parents. Soon after the death of John Robbins, his widow and children made an agreement for the partition of his estate, the widow to take half of the property, all of which seems to have been community and his four children the residue. That agreement clearly bound the children to pay one-half of the debts of the estate in so far as the share of the estate received by them would do this, but they bound themselves, in this respect, no further by the agreement.

The agreement is not entirely clear as to whether the widow

limited her liability to pay debts of the estate to the value of the property she received in partition that would have been subject to forced sale for the payment of debts, or bound herself absolutely to pay one-half of the debts of the estate. It is probably true, in view of all the facts, that her obligation assumed by the agreement was that first stated. After the death of John Robbins his widow conveyed the property now in controversy to her son, John R. Robbins, who subsequently died testate. By his will three-fourths of the property passed to his mother, and the residue to his daughter, Sallie Robbins, then a minor. In 1877 Cynthia Robbins died testate, and by her will her interest in the property passed to Elizabeth Rainey, the plaintiff in this case. Since the decision of the case of Rainey v. Chambers (56 Texas, 19), which involved the title to this property, Mrs. Rainey has acquired the interest of Sallie Robbins. On these facts stand the title of the appellees.

On March 29, 1869, John A. Chambers recovered a judgment against Cynthia Robbins as the executrix of the will of John Robbins, on a community debt for over five thousand dollars. The appellants Watson and Nowlin became the owners of that judgment, and on December 10, 1877, after the death of Cynthia Robbins, they obtained a judgment against the administrator of her estate and the heirs of John Robbins, based on the judgment rendered in favor of Chambers, above referred to. The judgment in favor of Watson and Nowlin directed, as to the estate of Cynthia Robbins, " payment in due course of administration, as a charge upon all the interest of her, said Cynthia, in the community property of the said Cynthia and the said John Robbins which remained to them at the time of his death, as well as all the interest and estate devised by him to her which may be subject to forced sale for the payment of debts." The judgment then directed execution to issue against the heirs of John Robbins, "to be levied of all the interest and estate had and held by him respectively on the lands and estates that belonged to the said John Robbins at the time of his death," but it bound them no further.

On this judgment the execution issued which this suit was brought to enjoin. The injunction was perpetuated in so far as it sought to enjoin the sale of the two hundred acres which constituted the homestead occupied by John and Cynthia Robbins, and from that judgment this appeal is prosecuted.

Under the law in force at the time John Robbins died, he be-

ing insolvent, title to the land which constituted their homstead vested in his widow absolutely, freed from all claim by his heirs or liability to pay debts against his estate—it became the separate property of Cynthia Robbins. (Green v. Crow, 17 Texas, 187; Reeves v. Petty, 44 Texas, 253; Hoen v. Arnold, 52 Texas, 165; Rainey v. Chambers, 56 Texas, 20; Sossaman v. Powell, 21 Texas, 664.

Cynthia Robbins was never personally liable for the debts of the community composed of herself and John Robbins, and her separate estate, however acquired, could not become liable for such debts unless it so became by reason of some contract made by herself after her husbands death. (Davis v. McCartney, 64 Texas 584; Leatherwood v. Arnold, 66 Texas, 416.) If by possibility the argreement for partition made between Cynthia Robbins and her children could have bound her to pay community debts out of her separate estate, it must be held, as to the claim now asserted by the appellants, that the judgment of December 10, 1877, is a complete bar to the assertion of any such claim by them. That judgment was rendered in reference to the same claim which the appellants now seek to assert, and the parties to this suit were parties to that or in privity with those who were.

That judgment, in effect, declared that the appellants were not entitled to subject to the payment of the debt due them any part of the estate of John and Cynthia Robbins not subject to forced sale at the time of his death, and is conclusive of that question. The land in controversy, being the homestead of John and Cynthia Robbins, was not subject to the payment of debts while he lived, and, he being insolvent, title to it, as before said, vested immediately in his widow as the sole surving constituent of the family. It became as much her seperate property as though it had been bought with her own means, and was not subject in her hands to the payment of community debts due by the estate of her husband, and can not so become in the hands of any person claiming through her, though they be persons in whose hands any property inherited by them from John Robbins would be subject.

If the debt on which the judgment of December 10, 1877, was rendered had been one for which Cynthia Robbins was personally liable, then a judgment might have been rendered against the administrator of her estate which could have been satified by the sale of the land that was her homestead at the time of

her death, she having left no constituent of her family; but, as before said, the judgment rendered, in terms limited the right of Watson and Nowlin for its payment to the sale of such property subject to forced sale for the debts of John Robbins as Cynthia Robbins received from the community estate of herself and husband.

The evidence to show that Mrs. Rainey acquired title to one-fourth of the land through a partition proceeding in which she acquired the interest of Sallie Robbins was properly admitted; for it was but a link in her chain of title through which it was shown that she held the entire two hundred acres through Cynthia Robbins, and not as heir of her father, John Robbins.

There is no error in the judgment, and it will be affirmed.

*Affirmed.*

Opinion delivered December 29, 1887.

Associate Justice Gaines did not sit in this cause.