## WILHELMINE J. KRUEGER v. CHAS. WOLF ET AL.

### No. 1351.

**1. Homestead—Family of Decedent—Widowed Daughter.**

A widowed daughter living with her widowed mother at the time of the latter's death is a constituent of the family and entitled as such, there being no others surviving, to receive the allowance in lieu of homestead provided by the statutes. See case for facts held to constitute such living with parent.

**2. Insolvent Estate—Allowance in lieu of Homestead—Priorities.**

Real property of an insolvent estate set apart at its appraised value to an unmarried daughter as an allowance in lieu of homestead, is taken by her free from claims for expenses of last illness and from liens for debts of deceased secured by mortgage on the property so set apart, unless such lien is for purchase money, taxes or improvements. Revised Statutes, article 2000, giving liens preference, applies only to solvent estates.

APPEAL from Travis. Tried below before Hon. JAMES H. ROBERTSON.

*Hewlett* and *Von Rosenberg*, for appellant.—Appellant having no homestead of her own, and being the unmarried daughter remaining with the family of the deceased, and being the sole surviving heir and constituent of the family of the deceased, and deceased having left no homestead at her death, and lots Nos. 11 and 12, block 29, division E, city of Austin, Texas, being all the property inventoried as the property of deceased, and of the appraised value of $1500, and free from all debts for purchase money or for taxes due thereon, or for material used in constructing improvements thereon, and said estate being insolvent, and appellant having chosen to take said property at the appraisement as an allowance in lieu of a homestead, was entitled to have said property set apart to her absolutely free from any of the debts of the estate. Sayles' Civil Statutes, arts. 1993-1995, 1997, 2002, 2003, 2007, 2008, 2016, 2037, 2039, 2042; Zwerneman v. Von Rosenberg, 76 Texas, 522; Childers v. Henderson, 76 Texas, 664; Lacy v. Lockett, 82 Texas, 190; Griffie v. Maxey, 58 Texas, 214; McLane v. Paschal, 47 Texas, 370; Reeves v. Petty, 44 Texas, 251.

*R. J. Hill*, for appellees.—The court did not err, but correctly held that first-class claims have precedence by virtue of art. 1991, to allowances for exemptions. See Rev. Stats., arts. 1984, 1985, 1986, 1988, 1991, 1993, 1994, 1996 to 2000, 2002, 2008, 2016, 2037 and 2039.

*Sidon Harris*, for appellee Wolf, on motion for rehearing.—1. Appellant, if "an unmarried daughter remaining with the family of the de-

ceased," can not have the property involved set aside to her in lieu of a homestead, because her mother's husband died in 1878, at which time he and his said wife owned the property possessed by the wife at her death in 1893, and no administration was taken out on his estate and no effort was made to have a homestead and homestead exemptions set aside to his widow, as provided for by articles 1993-1999. The right to have secured the benefits of the provisions of these articles must be applied for by or through an administrator, within four years after the death of the deceased husband, otherwise it is barred, or considered as waived.

2. There is no law authorizing the setting aside of homestead exemptions, or property in lieu thereof, in an administration upon the estate of a widow. These provisions are made exclusively in favor of "the widow and minor children and unmarried daughters remaining with the family of the deceased." See Rev. Stats., 1993-1999, 2001-2004.

Any construction by implication, or otherwise, that would extend those provisions to the "unmarried daughter" remaining with the widow is expressly excluded by article 2009.

3. Appellant's mother and her husband owned a homestead on which they lived and died. After appellant married and while she was residing with her husband away from her parents, these parents made a deed, having the effect of a will, by which they conveyed their homestead to certain of their children, to take effect only at the death of the last survivor of the two. Upon this state of case, we submit that, if appellant is entitled under our statutes to homestead benefits as "an unmarried daughter remaining with the family of the deceased," she should be confined to this homestead of her parents, as the court undoubtedly has the power to set aside the same to her to the postponement of said deed, which has the same effect as a will.

4. The appellant's parents having owned, resided and died upon a homestead which they attempted to dispose of in the manner set forth in section three above, she can not now have other property set aside to her in lieu of a homestead to the destruction of valid liens existing thereon during the lifetime of her parent.

5. If article 2000 must have only application to solvent estates, it is superfluous legislation, as a creditor without a lien is just as secure in having his claim paid as a creditor with a lien, because a solvent estate has ample assets to make all allowances provided for in chapters 17 and 18, Rev. Stats., and to pay all claims against the estate. Hensel v. I. B. & L. Assn., 85 Texas, 220.

FISHER, CHIEF JUSTICE.—We copy from appellant's brief the following, which is a full and accurate statement of the case and the proceedings had in the court below, and the result of trial:

"This was a proceeding begun by an application filed in the Probate Court of Travis County, Texas, by the appellant, Wilhelmine J. Krueger, who was the unmarried daughter of Josephine Stuessy, deceased, remain-

ing with the family of the deceased, at the first term of said court, after the inventory, appraisement and list of claims had been returned into court by M. C. Granberry, administrator of the estate of Josephine Stuessy, deceased, for an order of the court to be entered upon the minutes of the court, setting apart for her use and benefit, as an unmarried daughter remaining with the family of the deceased, as a substituted allowance in lieu of a homestead, lots 11 and 12, in block 29, division E, of the city of Austin, Travis County, Texas, which appellant chose to take at the appraised value.

Letters of administration on the estate of Josephine Stuessy, deceased, were granted on October 7, 1893, to M. C. Granberry by the Probate Court of Travis County, Texas, upon his application filed September 21, 1893, in said court; and said administrator qualified as such on November 21, 1893, and an inventory and appraisement of said estate was filed on November 2, 1893, and examined and approved by the court on January 11, 1894. The only property belonging to the estate as shown by the inventory being lots 11 and 12, block 29, division E, in the city of Austin, Travis County, Texas. On December 2, 1893, said administrator filed an application for the sale of said lots, and at the next—the January—term of the Probate Court, to-wit, on January 5, 1894, action on said application for sale was continued to the next term of the court.

On January 20, 1894, appellant filed her application for an allowance in lieu of a homestead. On January 26, 1893, Hon. William von Rosenberg, Jr., county judge of Travis County, Texas, having entered his disqualification as judge in said estate, and a certificate of such disqualification being forwarded to the Governor of Texas, the Governor appointed R. H. Ward, Esq., of the Austin bar, special judge in said estate, who thereupon qualified according to law on February 2, 1894. On February 2, 1894, the appellant was granted leave to file her first amended application for allowance in lieu of homestead, setting up that the intestate Josephine Stuessy was her mother. That she is now and was at the date of her mother's death, and has constantly been, from the twenty-seventh day of October, 1889, the widow of her deceased husband, August William Krueger, who departed this life on said last named date. That she was the sole surviving heir and constituent of the family of Josephine Stuessy, deceased. That since the death of her husband, she, having no other homestead, remained with and constituted a part of the family of said Josephine Stuessy until her death, on March 21, 1893. That the deceased at the time of her death resided on lots 3 and 4, in block 30, division E, in the city of Austin, Texas, in which deceased had a life estate, which terminated at her death. After which time until the present, she, the appellant, had remained on and occupied lots 11 and 12, block 29, division E, city of Austin, Texas, inventoried as the property of deceased, and of the appraised value of $1500, which property was the only real estate of said decedent, and that there was no other property belonging to decedent's estate.

That said lots 11 and 12, in block 29, division E, were exempt under

the Constitution and law of this State from execution or forced sale, and did not form any part of the estate of said deceased; that there was no other property belonging to said estate subject to administration; that said estate was insolvent; that there was no necessity for holding the same open, and that the estate should be closed by administrator filing his account for final settlement of said estate.

That said lots, 11 and 12, block 29, division E, were free from all debts for purchase money or for taxes due thereon, or for material used in constructing improvements thereon.    That she had not acquired any homestead since the death of her husband, nor did she then own or possess any homestead, or other real estate, save the lots 11 and 12, block 29, division E, nor did she, or her deceased husband, own such property at the date of his death.    That she chooses to take at the appraised value said lots 11 and 12, block 29, division E, in the city of Austin, as a substituted allowance in lieu of a homestead.

Appellant prayed that lots 11 and 12, block 29, division E, in the city of Austin, as the property of the deceased, be set apart to her as a substituted allowance in lieu of a homestead; that the administrator be cited to make his final account as such at the next term of the Probate Court, and that if, upon final settlement said estate proved to be insolvent, that the title of the applicant to said substituted allowance set apart to her under the provisions of title 37, chapter 18, of the Revised Statutes of this State, shall be absolute, and shall not be taken for any of the debts of the estate, and that she have judgment for all costs, etc.

This application was contested by several creditors of the estate.

The creditor M. A. Taylor filed his opposition on February 2, 1894, setting up that he was the owner and holder of two unpaid claims against the estate of Josephine Stuessy, deceased, viz., one claim duly proved, presented to, and allowed by the administrator on twenty-eighth November, 1893, for the sum of $344.50, and approved as a first-class claim by the court; and another claim for $650, with interest at 8 per cent, duly proved up, presented, allowed and approved as a fourth-class claim.

He denied that applicant Krueger was a constituent or member of decedent's family.    The decedent was not a head of a family, but died a femme sole.    That the property described in applicant's petition was not the homestead of decedent, or of applicant; that there was no merit in her application, she being a widow and herself the head of a family at the time of decedent's death.

The creditor, Charles Wolf, also filed opposition on February 2, 1894, and set up the fact that he was the owner and holder of a just and unsatisfied debt and claim against the estate to the amount of $500, evidenced by promissory note, executed by decedent after she became a widow, on February 1, 1890, for $300, payable to his order on or before two years after said date, with ten per cent interest from date and ten per cent attorney's fee.    That said note was secured by a deed of trust on said lots 11 and 12, block 29, division E, city of Austin, Texas.    That the same had been duly presented to and allowed for the full amount thereof by

the administrator of the estate, and filed in said estate.    That applicant, although a daughter of decedent, married about 25 years ago, and since marriage has never constituted a member of decedent's household, or family, within the true interpretation of the application of the laws of Texas pertaining to homesteads, homestead exemptions and allowances; and denied all and singular the allegations of said application.

That decedent was the wife of Henry Stuessy from about 1857 until his death about 1878; that during his lifetime he and his wife (decedent) possessed a homestead of their choice, situated in block 30, division E, city of Austin, Texas, and they resided thereon during his lifetime until his death, and after his death his surviving wife (decedent) continued to possess, occupy and reside thereon as her homestead until her death, and that if applicant is entitled to any homestead right or allowance she is limited to the aforesaid homestead of decedent.    That the property applied for by applicant for homestead allowance was the separate property of decedent.

The creditor, Monroe Miller, who had a claim against said estate for $49 for funeral expenses, and allowed by the administrator on January 26, 1894, also appeared and contested said application, and adopted the objections of the creditor M. A. Taylor.    The administrator also contested said application.

The application and contests were heard on February 2, 1894, and judgment was rendered by the Probate Court, allowing and setting apart to applicant, Wilhelmina J. Krueger, as her allowance in lieu of a homestead, said lots 11 and 12, in block 29, division E, city of Austin, Texas, she having chosen and elected the same of decedent's estate, decedent leaving no homestead, and said property allowed applicant in lieu thereof being decedent's separate estate, subject to the claim of the creditor Charles Wolf, appellee, and unless applicant pays or causes to be paid said debt, said property should be sold in due course of administration for the payment of said debt.    The court further ordered and decreed that said property allowed applicant in lieu of a homestead is not subject to the payment of any other debts of said estate of any kind whatsoever, and adjudged that the other respondents, M. A. Taylor and Monroe Miller, take nothing by their contest, and pay all costs incurred by reason of their contesting the application of applicant.    It further appearing to the court that said estate was insolvent at the date of grant of letters of administration, and no property belonged to said estate that is and was not exempt under the Constitution and laws of the State of Texas, and not subject to the payment of any of the debts of said estate except that the respondent, Charles Wolf, ordered that the administrator file his final account in said estate at the next term of the court; to which judgment all parties, other than the appellee Charles Wolf, excepted, and gave notice of appeal to the District Court of Travis County, Texas.

The appeal of appellant, Wilhelmine J. Krueger, was perfected in due time by filing her oath in forma pauperis in the Probate Court on Febru-

ary 17, 1894, and on the same day the creditor, M. A. Taylor, filed his appeal bond.

On April 2, 1894, transcript of all proceedings had in the Probate Court with reference to the application of Wilhelmine J. Krueger to have homestead set apart, was filed in the District Court for the fifty-third judicial district of Travis County, Texas.

On April 16, 1894, appellant, Krueger, filed a motion to dismiss the appeal of the creditor, M. A. Taylor, which motion was on June 26, 1894, continued by the District Court without prejudice of either party to the next term of said court. At the next term of said court, on September 8, 1894, said motion was heard by the court and said appeal bond of the creditor, M. A. Taylor, declared defective, and the court allowed said Taylor five days in which to file a new bond, to which ruling the appellant, Krueger, excepted and reserved her first bill thereon.

On September 12, 1894, the creditor Taylor filed a new appeal bond in the District Court, which was approved by the judge of said court.

On October 4, 1894, the appeal from the Probate Court came on for trial de novo in the District Court, all parties, to-wit, Wilhelmine J. Krueger, M. A. Taylor, Charles Wolf, Monroe Miller and M. C. Granberry, administrator, being present either in person or by attorney, whereupon the appellant, Wilhelmine J. Krueger, filed her objections to the appearance therein of the creditor Monroe Miller and to M. C. Granberry, administrator, for the reason that no appeal bond was given by either of them in appealing from the order of the Probate Court, which objections were overruled by the court, to which ruling appellant excepted and reserved her bill thereon, being bill of exceptions Nos. 2 and 3. Thereupon all parties announced ready, trial was had before the court without a jury, upon an agreed statement of facts filed October 4, 1894, and approved by the court, whereupon the court found that the estate of Josephine Stuessy, deceased, consisting of said lots 11 and 12, block 29, division E, city of Austin, Texas, was subject to administration, and directed the administrator, M. C. Granberry, to proceed under his appointment by the Probate Court of Travis County, Texas, as administrator of said estate, to sell said property and to pay out of the proceeds of such sale, claims and allowances as follows:

First. The costs of administration and preservation of said estate.

Second. The third-class claim of Charles Wolf, principal, interest, and attorney's fees.

Third. The first-class claim of M. A. Taylor for the sum of $344.50 and interest.

Fourth. The first-class claim of Monroe Miller.

Fifth. That the remainder, if any, after paying the costs of this suit, be paid to appellant, Mrs. W. J. Krueger, daughter of decedent, as an allowance to her in lieu of a homestead.

It was further ordered that in case appellant, W. J. Krueger, should pay off and satisfy the said claims of creditors above mentioned and costs, that said property shall be vested in her free from all other claims.

To all of which the appellant, Mrs. W. J. Krueger, appellant herein,. excepted and gave notice of appeal; the administrator also excepted to the allowance of Mrs. Krueger, and gave notice of appeal; Monroe Miller also excepted and gave notice of appeal.

It was further ordered that the officers of court have execution against the respective parties for the costs incurred by them respectively in said case.

It was further ordered that said decree be certified to the Probate Court. of Travis County, Texas.

On October 2, 1894, the creditor, Monroe Miller, who was the holder of a first-class claim, moved to set aside said judgment and to render judgment so as to cause said judgment to give said Miller and Taylor's. claim for funeral expenses and expenses of last sickness priority to the debt of Charles Wolf, secured by special lien. Said motion was heard on October 27, 1894, and was overruled by the court, to which the parties. to the motion excepted and gave notice of appeal.

On November 1, 1894, appellant, Wilhelmine J. Krueger, perfected her appeal by filing an affidavit in forma pauperis in lieu of an appeal bond."

The facts are as follows:

1.  That the intestate, Josephine Stuessy, departed this life on the 21st day of March, A. D. 1893, in Travis County, Texas, in which county she resided at the time of her death.  ·

2.  The only property of which the intestate died seized and possessed by fee simple title were lots 11 and 12, block 29, division E, in the city of Austin, Travis County, Texas, of the appraised value of fifteen hundred dollars, which property never formed any part of her homestead.

3.  That before and at the time of the death of said Josephine Stuessy,. and for many years previous thereto, she had resided and did then reside on lots Nos. 3 and 4, in block 30, division E, in the city of Austin, Travis County, Texas, which property she possessed by life estate, as appears in sixth subdivision below.

4.  That at the time of the death of said Josephine Stuessy, and for a. long period of time prior thereto, to-wit, on the......day of......1887, the applicant, Wilhelmine J. Krueger, then and until the 27th day of October, 1889, was the wife of William Krueger and living with him in such relation, together with her children, lived in the house with said Josephine Stuessy on said lots 3 and 4, in block 30, division E, of the city of Austin, Travis County, Texas; that on the 3d day of December, 1888, the said William Krueger was adjudged insane by the County Court of Travis County, Texas, and so remained until the date of his death, on, to-wit, the 27th day of October, 1889, from which time until the said Josephine Stuessy's death, the applicant remaining unmarried, lived in the house with said Josephine Stuessy on said lots 3 and 4, block. 30, division E, aforesaid, together with said Josephine Stuessy and applicant's. children.

4 (continued).  With the exception of about four months prior to

Mrs. Stuessy's death, when Mrs. Stuessy occupied a room in the frame house adjoining the other house where she and applicant resided, to which she moved on account of the noise made by applicant's children, as Mrs. Stuessy was very irritable during her last illness, the said Mrs. Stuessy only moved her bedroom set to the room in the house adjoining, and left her kitchen furniture and other household effects in the house where applicant remained, both houses being on lots 3 and 4, block 30, division E, city of Austin, Texas, which was the homestead. The applicant, Mrs. Krueger, cooked all meals for Mrs. Stuessy and waited upon her during her last illness, and when applicant was not present, her daughter Alma was present. Mrs. Stuessy's brother, who resided in Ohio, was requested by Mrs. Stuessy to come down and visit her, which was before her removal to the other house, and when she moved to the adjoining house, he went with her and occupied a room in the same house with Mrs. Stuessy, and also waited upon her. He is a very old man and was unable to assist Mrs. Stuessy in her last illness very much. The house in which Mrs. Stuessy occupied a room before her death as aforesaid was situated on her homestead as aforesaid, and was usually rented out by her, and from the rent derived therefrom she partially sustained herself. At the time Mrs. Stuessy occupied said room she had several other rooms in said house rented out to tenants. The house Mrs. Stuessy occupied before her death was separated by a partition fence in which there was a gate, which was used in passing from one house to the other. Applicant cooked all meals in the old house and carried them to the other house through the gate. Mrs. Stuessy's brother sometimes cooked tea and toasted bread for Mrs. Stuessy in the fire place of the room occupied by Mrs. Stuessy.

5. That the applicant, Wilhelmine J. Krueger, was the daughter of the said Josephine Stuessy by her marriage prior to her last husband, Henry Stuessy, who died long prior to said Josephine Stuessy; that the said Josephine Stuessy left no other child or children or their descendants surviving her.

6. That on the 6th day of May, 1875, the intestate, Josephine Stuessy, and her husband, Henry Stuessy, conveyed by warranty deed to Matt Stuessy and others said lots 3 and 4, block 30, division E, aforesaid, reserving to themselves and the survivor of them a life estate therein, said instrument of conveyance designating said property as their homestead.

7. That said lots 11 and 12, block 29, division E, aforesaid, were the separate property of Josephine Stuessy, as between Josephine Stuessy and her husband, Henry Stuessy.

8. That shortly after the death of said Josephine Stuessy, the applicant, Wilhelmine J. Krueger, removed upon and occupied and has since and now occupies lots 11 and 12, block 29, division E, aforesaid, together with their children.

9. That since the death of her said husband, applicant has never remarried, nor has she ever acquired a homestead or any landed property

whatsoever, nor did she or her husband have or own such property at the date of his death.

10.   That on the 1st day of February, 1890, the said Josephine Stuessy gave her note for three hundred dollars, payable on or before two years after date, to the order of Charles Wolf, at Austin, Texas, with ten per cent interest from date, payable annually, and if not so paid to bear same rate as principal, with an additional ten per cent for attorney's fees, in case collected by suit; said note was secured by deed of trust of even date on said lots 11 and 12, block 29, division E, in the city of Austin, aforesaid, to James V. Bergen, trustee, to the use and benefit of said Charles Wolf, duly executed, acknowledged and delivered by the said Josephine Stuessy, filed for record on the 6th day of May, 1890, in the county clerk's office of Travis County, Texas, in the deed records of said county, in book No. 33, page 601, said note being for borrowed money, which she received and used, and no part of which was ever paid, principal or interest; said note, together with the following deed of trust, was duly sworn to by the said Charles Wolf, and presented to, and allowed by, the administrator of said estate for the full amount thereof on the 26th day of January, 1894, and were filed in the Probate Court of Travis County, Texas, on the 25th day of January, 1894, and approved on the 3d day of February, 1894, for the full amount thereof, to-wit, $440, principal and interest, with ten per cent interest per annum thereon from date, and $44, collection fee, with 6 per cent interest per annum thereon from said date, and all costs, claim classed as secured by a valid lien and classed as third class by the Probate Court.

10½.   That on the second day of February, 1892, the said Josephine Stuessy gave her note for six hundred and fifty dollars, payable three days after date, to the order of M. A. Taylor, at Austin, Texas, together with interest thereon from date until paid at the rate of 8 per cent per annum, value received; said note was duly sworn to by the said M. A. Taylor, and presented to and allowed by the administrator of said estate for the full amount thereof on the 28th day of November, 1893, and was filed in the Probate Court of Travis County, Texas, on the 28th day of November, 1893, and approved on the 3d day of February, 1894, for the full amount thereof, to-wit, $650 principal, with interest at 8 per cent from February 2, 1892, claim classed as fourth class by the Probate Court.

That from the 8th day of February, 1892, to the 21st day of March, 1893, inclusive, the "said Josephine Stuessy received professional visits and prescriptions from the said M. A. Taylor, as a physician, and became indebted upon an open account for said medical services rendered as aforesaid in the sum of $344.50; said account dated the 8th day of November, 1893, was duly sworn to by the said M. A. Taylor, and presented to and allowed by the administrator of said estate for the full amount thereof on the 28th day of November, 1893, and was filed in the Probate Court of Travis County, Texas, on the 28th day of November, 1893, and

approved on the 3d day of February, 1894, for the full amount thereof, to-wit, $344.50, as a first-class claim by the Probate Court.

11.   That on the 22d day of March, 1893, Monroe Miller furnished the funeral case and box, funeral notice, fluid for embalming, hearse and three carriages, for which he presented his account for the sum of forty-nine dollars; said account is dated March, 1892, and was duly sworn to by said Monroe Miller, and presented on the 28th day of December, 1893, to, and allowed by, the administrator of said estate for the full amount thereof on the 26th day of January, 1894, and was filed in the Probate Court of Travis County, Texas, on the 26th day of January, 1894.

12.   That the estate of said Josephine Stuessy is and was at the date of her death wholly and hopelessly insolvent."

*Opinion.*—The appellant being an unmarried daughter of the decedent, Josephine Stuessy, and remaining with her at the time of her death, and the estate of the latter being insolvent, and the former having no home, the following provisions of the statute have application and control the disposition of this case:   Article 1993, Sayles' Civil Statutes, provides that the court with jurisdiction of the estate of the decedent shall set apart to the use and benefit of the widow and minor children and unmarried daughters remaining with the family of the deceased all such property of the estate as may be exempt from forced sale by the Constitution and laws of the State.   Article 1994 declares that if there are not among the effects of the deceased the articles exempt it shall be the duty of the court to make a reasonable allowance in lieu thereof to be paid to the "widow and children, or such of them as there may be, as hereafter directed."   Art. 1996, mentioning those to whom the allowance shall be paid, directs in subdivision two of that article that if there be no widow, but children, and they of lawful age, it shall be paid to them, and if minors to their guardians.   Subdivision four of the same article directs that in cases of homestead it shall be delivered to the widow, if there be one, and if there be no widow, to the guardian of the minor children and unmarried daughters, if any, living with the family.

Article 1995 says that the allowance in lieu of the homestead shall not exceed five thousand dollars.   Article 1997 provides that the allowances made in lieu of the exempted property shall be paid either in money or in any property of the deceased that the widow or children, if they be of lawful age, or their guardians, if they be minors, may choose to take at the appraised value.   Subdivision two of article 1998 directs that if there be no widow, but children of age, such allowance shall be paid to them. Article 1999 provides that if there be no property of deceased that the widow or children are willing to take for such allowance, or funds that may be used for that purpose, it shall then be the duty of the county judge, on application, to order sale of property of the estate in order to raise funds to pay such allowance.   Article 2002 says that should the estate prove to be insolvent, the title of the widow and children to·all the property and allowances set apart or paid to them shall be absolute. and

shall not be taken for any debts of the estate except as hereafter provided. Articles 2007 and 2008 state what are those debts that are "hereafter provided." They are for the purchase money of the property, and taxes due thereon, and those sums, if any, due for work and material used in constructing improvements thereon; and article 2008 provides that the exempted property, other than the homestead or allowance made in lieu thereof, shall be liable for the payment of the funeral expenses and the expense of last sickness, but such property shall not be liable for any other debts of the estate.

These provisions of the law give to the unmarried daughter remaining with the family a beneficial interest in the homestead, and in lieu of it, those that provide for an allowance clearly apply to her.

The only property of the estate are the lots in question which were appraised at fifteen hundred dollars. The appellant expressed her wish and willingness to accept these lots at their appraised value. There being no homestead left by her deceased mother, nor other property or funds out of which an allowance could be made, she was entitled to have this property set aside to her if the value thereof did not exceed five thousand dollars and what would be under the circumstances a reasonable allowance.

It is held in Childers v. Henderson, 76 Texas, 664, that a daughter once married but a widow living with her parent at the time of his death is a constituent of the family, and is entitled to the homestead exemption. To the same effect is Lacy v. Lockett, 82 Texas, 192. In Zwernemann v. Van Rosenberg, 76 Texas, 523, and the two cases cited, some of the provisions of the statute in question were construed and they in effect hold that when the estate is insolvent, the constituent of the family remaining took the homestead, or allowance in lieu of it, free of the claims of creditors of the estate, and the title thereof vested absolutely in such claimant. There is a provision of the law, article 2000, which declares that no property upon which liens have been legally given shall be set aside to the widow or children as exempted property, or appropriated to make up the allowance made in lieu of exempted property, until such lien debts are paid. This provision evidently relates to solvent estates, for it will be seen by the other provisions of the law quoted which relate to the homestead rights of the widow and children and unmarried daughters, and the allowance in lieu of it, with the privilege they have of selecting property in lieu of the allowance at its appraised value, together with those provisions that relate to insolvent estates, and which burden such preferential rights of the widow and children with a certain class of claims, that neither the claims and lien of appellee Wolf and of the other appellees will prevail over such homestead right or allowance. Such is the effect of the decisions previously cited, and of the following: Scott v. Cunningham, 60 Texas, 566; Horn v. Arnold, 52 Texas, 164; Rainey v. Chambers, 56 Texas, 20; Griffie v. Maxey, 58 Texas, 211; Watson v. Rainey, 69 Texas, 321; Hoffman v. Hoffman, 79 Texas, 194. Some of the cases cited arose under statutes prior to the adoption of the Revised Stat-

utes, but the principle of the superiority of the claims of the surviving widow and children in the homestead or allowance in lieu of it, in insolvent estates, is the same under the former and present laws upon that subject.

It is apparent from the facts that the property in controversy is not of greater value than would be a reasonable allowance for the appellant in lieu of a homestead; therefore, we will here render such judgment as the court below should have rendered. The willingness of the appellant to receive the property in question in lieu of the allowance entitles her to same, and under the facts of the case as shown by the record, the lots in question are set aside to her as an allowance, in lieu of a homestead, the title to which is vested in her free of the claims asserted by appellees.

Judgment will be reversed and is here rendered in accordance with this opinion.

*Reversed and rendered*

Delivered January 8, 1896

Writ of error refused.