INVESTORS' MORTGAGE SECURITY CO.,
    Limited, v. NEWTON et al.   (No. 7412.)*
(Court of Civil Appeals of Texas.  Dallas.  Feb.
    19, 1916.    Rehearing   Denied
            March 25, 1916.)

1. HOMESTEAD ⊙⟳141(1), 142(1)—LIABILITIES
    ENFORCEABLE—EXPRESS LIENS.
    Under Rev. St. 1911, § 3422, providing for
exempt property of an insolvent decedent's es-
tate to pass absolutely to the widow and chil-
dren free from debts of the estate, express liens
on a homestead give way to the rights of the
widow and children, unless within exceptions
named in the section.
    [Ed. Note.—For other cases, see Homestead,
Cent. Dig. §§ 261–268, 269–273, 277–280; Dec.
Dig. ⊙⟳141(1), 142(1).]

2. HOMESTEAD ⊙⟳141(1), 142(1)—LIABILITIES
    ENFORCEABLE—EXPRESS LIENS.
    That an express lien was created on land
before marriage of the owner does not affect the
rule that express liens on the homestead of an
insolvent are subject to the rights of the widow
and children of the owner.
    [Ed. Note.—For other cases, see Homestead,
Cent. Dig. §§ 261–268, 269–273, 277–280; Dec.
Dig. ⊙⟳141(1), 142(1).]

Appeal from District Court, Dallas Coun-
ty; J. C. Roberts, Judge.

Suit by the Investors' Mortgage Security
Company, Limited, against Mrs. L. L. New-
ton and others.  Judgment for defendants,
and plaintiff brings error.  Affirmed.

M. D. Gano and W. N. Coombes, both of
Dallas, for plaintiff in error.  N. G. Turney,
M. G. Owen, E. E. Hurt, and R. L. Hurt, all
of Dallas, for defendants in error.

RAINEY, C. J.  This suit was brought by
plaintiff in error against defendants in error,
who are the surviving widow and children,
respectively, of E. E. Newton, deceased, to
establish an indebtedness and lien on a tract
of land owned by said E. E. Newton at his
death, and which was at the time of his
death the homestead of said Newton and
family, consisting of the said widow and chil-
dren.  The answer, in effect, was that said
land was the homestead, that the estate of
said Newton was insolvent, that said home-
stead had been set apart to defendants in
error as such, and that said lien was there-
by discharged as to said land.  The case was
tried by the court without a jury, and judg-
ment rendered in favor of plaintiff in error
establishing said claim against the estate,
but denied the lien on said land.  From the
judgment denying said land subject to said
lien, this appeal was taken.

The facts are that plaintiff in error is a
corporation by virtue of the laws of Great
Britain, doing business in Texas by its per-
mission.  The defendants in error are the
widow and children of E. E. Newton, de-
ceased, and Mrs. Newton is the administra-
trix of his estate, which was insolvent at his
death.  On March 7, 1898, E. E. Newton,
then unmarried, executed his note for $600,
payable to himself, and to secure the pay-

ment of same executed a deed of trust to the
land in controversy, being 92 acres, with
Philip Lindsley as trustee.  Said note was
duly transferred to James R. Mitchell.  New-
ton remained single until November 17, 1899,
when he married defendant in error Lula L.
Newton.  In June, 1900, E. E. Newton, with
his family, moved upon said land and lived
thereon as his home until October, 1901, when
said Newton and his wife moved to the Ter-
ritory of Oklahoma, where they acquired a
homestead.  While living there, in April,
1902, said E. E. Newton made application to
plaintiff in error for a loan of $700 to take
up said $600 note which was held by plaintiff
in error, it having been duly transferred by
said Mitchell.  Said loan was made, a note
for $700 executed by said Newton in renew-
al and extension of said $600 note, interest
and expenses, and for this purpose a new
trust deed to said land was executed, with
Robert Ralston named as trustee.  Said New-
ton, without being joined by his wife, made
the last transaction.  Some time after the last
transaction E. E. Newton and family, having
sold the home in Oklahoma, moved back to
Texas and reoccupied and lived on said land
as their home until he died in February,
1910, leaving surviving him the defendants
in error herein.  Mrs. Newton was duly ap-
pointed administratrix of his estate, which
was insolvent.  By order of the probate court
said land was duly set apart as the home-
stead of defendants in error.  Said order of
the probate court has never been set aside or
appealed from.  The claim of plaintiff in er-
ror was presented to the administratrix for
allowance, but same was refused—hence this
suit.  The land was the separate property of
E. E. Newton, it having been acquired by
him before marriage, and the indebtedness
was for borrowed money, none of which was
expended for the purchase price of said land.

[1] There is no controversy about the facts,
upon which but one question of law arises
for determination, and that is:  Did the said
land as a homestead descend and vest in de-
fendants in error freed from the lien given
by E. E. Newton, while single, the estate of
said Newton being insolvent at his death?
We are of the opinion that this should be an-
swered in the affirmative.  The lien on the
land was executed by Newton, it being his
separate property, he being at that time a
single man.  He subsequently extended and
renewed the lien after he had married, and
it was a valid and subsisting lien at the time
of his death, but his estate was insolvent,
which subordinated the lien on the land sub-
jected to the widow's and children's claim
to homestead exemption.

Our state under its Constitution and
laws has made wise provision for the exemp-
tion of the homestead for the protection of
the head of a family, his wife and children,
and especially so for the wife and children

when the husband dies and leaves an insolvent estate. R. S. 1911, art. 3422. This article provides for all exempt property to pass absolutely to the widow and children free from debts of the estate, except in certain cases, this not being within the exception. Therefore express liens on exempt property have to give way to the widow's and children's right to such property, unless the debt comes within the exception. This rule was first announced in Robertson v. Paul, 16 Tex. 472, which has been adhered to ever since. This case has been criticized by other jurisdictions, but our Supreme Court has not thought proper to overturn it, and it remains the law to-day. In support of this rule we cite Hoefling v. Hoefling, 167 S. W. 210; Griffie v. Maxey, 58 Tex. 214; Blinn v. McDonald, 92 Tex. 604, 46 S. W. 787, 48 S. W. 571, 50 S. W. 931; Krueger v. Wolf, 12 Tex. Civ. App. 167, 33 S. W. 663; Reeves v. Petty, 44 Tex. 249; Bonding Co. v. Logan, 166 S. W. 1132, and numerous others.

[2] While plaintiff in error virtually admits that the foregoing is the rule in this state, yet it contends that this case is different and is not governed by the ruling announced, because Newton was a single man when he created the lien on the land, and it could not be anticipated that he would marry and the widow's right would intervene to defeat the valid lien. We see no material difference in principle whether a man is single or married when a valid lien is fixed, if in the case of the married man the wife does not join in the lien. In the latter case the lienholder knows of the marriage, and takes cognizance of the then existing law; and in the former his marriage should be anticipated, and the same rule of law obtains. The law fixes the status of the property at the time of the death of the parties, and if the estate is insolvent, the lien on exempt property is subordinated to the rights of the widow and children.

In Krueger v. Wolf, supra, the facts are that Mrs. Stuessey, a widow, and her widowed daughter, Mrs. Krueger, were living together as one family upon lots 3 and 4, block 30, in the city of Austin, which was Mrs. Stuessey's separate property to the extent of a life estate, and her homestead. Mrs. Stuessey owned two other lots, Nos. 11 and 12, block 29, in said city, but no part of the homestead. She incumbered these two lots with a valid lien. Subsequently she died insolvent, leaving Mrs. Krueger as her only heir and only constituent of the family. Mrs. Krueger sought through the probate court an allowance in lieu of a homestead. Lots 11 and 12, block 29, were set apart to her as a homestead, subject to the payment of the lien. On appeal the court reversed the judgment and rendered it in favor of Mrs. Krueger, holding that she was entitled to said lots as a homestead freed from the lien, thereby vesting absolute title in her.

This case illustrates the principle that should be applied to the facts of this case. Mrs. Stuessey, at the time she created the lien on the two lots, was authorized to do so, and the said lien was valid. But she died insolvent, and the lien she had theretofore fixed became subordinate to the homestead exemption. So in the instant case Newton had the right to establish a lien on the land, and, subsequently dying insolvent, the lien was subordinated to the homestead rights of his widow and children. Being a rural homestead, it is not subjected to valuation, for the law does not fix any valuation, but only requires that it shall not exceed 200 acres of land.

It did not require any action of the probate court to fix an allowance in lieu of the homestead in this instance, as it became established by reason of the estate being insolvent. Hoefling v. Hoefling, supra; Bonding Co. v. Logan, supra.

The principle herein seems a little hard on creditors who have trusted on the faith of creating liens to secure the payment of their debts, but believing such to be the law, as decided by the decisions, the judgment is affirmed.

Affirmed.