McKELROY et al. v. HAMILTON et al.

No. 2105.

Court of Civil Appeals of Texas. Waco.

June 22, 1939.

Rehearing Denied July 20, 1939.

McGlasson & McGlasson, of Waco, for appellants.

Cecil R. Glass, of Marlin, for appellees.

ALEXANDER, Justice.

This suit was brought by Ava McKelroy and Emily Goodman against E. F. Hamilton and others for partition of a tract of land in Falls county. The plaintiffs and defendants are the children and heirs of C. A. Hamilton, deceased, and the land sought to be partitioned apparently constitutes the whole of his estate. In addition to partition of the land, the plaintiffs sought contribution for advancements alleged to have been made by them to pay certain ·debts of the estate. The trial court, in a trial without a jury, awarded partition of the land but denied the prayer for contribution. The plaintiffs appealed.

According to the. findings of fact filed by the trial court, the tract of land in question, which is less than 200 acres, con-stituted the homestead of C. A. Hamilton and wife during their lifetime. In 1918, while the property was so occupied by them as their homestead, they executed and delivered to W. R. Peters a deed to 25 acres of the land in question, which deed was intended as a mortgage to secure the payment of $569.10 borrowed by them from W. R. Peters to pay a hospital bill. Mrs. Hamilton died in 1922, and thereafter, in 1928, C. A. Hamilton executed and delivered to Peters a new note for the old debt previously created in 1918. Hamilton and his unmarried daughter continued to occupy the property as their homestead until his death in 1931. He left a life insurance policy in the sum of $1,500, payable to the plaintiffs. The plaintiffs used a part of the money collected by them on said life insurance policy to pay certain unsecured debts of the estate, together with the Peters' debt and delinquent taxes on the property for the years 1930 and 1931 in the sum of $81.77. The trial court further found that the money received by plaintiffs on the life insurance policy was received by them as their own funds and not in trust for the benefit of the estate; and that plaintiffs "paid said debts voluntarily and gratuitously without any agreement to be reimbursed and without hope or expectation of being paid therefor by any of the other heirs of the said C. A. Hamilton."

We think the evidence sustains the trial court's finding that there was no express agreement on the part of the other heirs to reimburse the plaintiffs for the money spent by them in paying the debts owing by the estate. Consequently, if plaintiffs are entitled to contribution at all, the right thereto must arise under the principles of equity. The rule in equity is that one who has been compelled to pay or satisfy the whole or to bear more than his just share of a common burden or obligation on which several persons are equally liable or for which their jointly owned property is liable, is entitled to contribution against the others to obtain from them payment for their respective shares. 13 Amer.Jur. 6; 10 Tex.Jur. 538; 13 C.J. 823.

In order to apply this principle in this case it becomes necessary to determine whether or not the defendants, or the property jointly· owned by them, were liable in whole or in part for any of the debts paid by plaintiffs. Since the debts

paid by plaintiffs were obligations incurred by C. A. Hamilton during his lifetime, neither the plaintiffs nor defendants, as his heirs, were personally liable therefor. Apparently, the only property belonging to C. A. Hamilton's estate was the land here involved. It was the homestead of Hamilton and his wife at the time the Peters' debt, as well as all the other obligations here involved, were made, and it so remained the homestead up to and including the death of C. A. Hamilton. Consequently, the attempt by C. A. Hamilton and wife to place a lien on the homestead for borrowed money by the conveyance of 25 acres thereof to Peters was void. Constitution, Art. 16, § 50, Vernon's Ann.St. Although C. A. Hamilton renewed the Peters' debt by the execution of a new note therefor after the death of his wife, this did not validate Peters' purported lien on the homestead because said purported lien, being void at the time of its attempted creation, could not be subsequently validated. Kearby v. Cox, Tex. Com.App., 211 S.W. 932; Bayless v. Guthrie, Tex.Com.App., 235 S.W. 843; Inge & Boring v. Cain, 65 Tex. 75. At the time of C. A. Hamilton's death the property was being occupied by him and one of the plaintiffs, an unmarried daughter seventeen years of age. Since the unmarried daughter, a constituent member of the family, survived and was so occupying the property at the time of the death of C. A. Hamilton, the last survivor of the community estate, the homestead descended to the heirs free of all unsecured debts of the deceased. Cameron v. Morris, 83 Tex. 14, 18 S.W. 422; Zwernemann v. Von Rosenberg, 76 Tex. 522, 13 S.W. 485; Childers v. Henderson, 76 Tex. 664, 13 S.W. 481; Lacy v. Lockett, 82 Tex. 190, 17 S.W. 916; Cline v. Niblo, 117 Tex. 474, 8 S.W.2d 633, 66 A.L.R. 916. Consequently, the plaintiffs were not required to pay the Peters' debt nor any of the other admittedly unsecured debts in order to protect their jointly owned property against such claims and are therefore not entitled to contribution therefor from the other heirs. Johnson v. Johnson, Tex.Civ.App., 191 S.W. 366, pars. 11-13.

We think, however, a different rule applies as to the item of taxes paid by the plaintiffs. Being for taxes due on the property in question, the debt constituted a lien thereon. The discharge of the debt was necessary to protect the jointly owned property and its payment by the plaintiffs inured to the benefit of all the joint owners. Under the principles above set out, plaintiffs were entitled to contribution on this item.

In this connection, we note that the trial court found that the debts were paid by plaintiffs voluntarily and gratuitously and without any hope or expectation of being repaid therefor. The record does not bear out the finding that the payments were made gratuitously. At the time they were made, one of the plaintiffs was a minor only seventeen years of age and legally incapable of handling her funds. The payment of taxes was not voluntary because such payment was necessary to protect the property from forced sale. Even though the plaintiffs did not entertain any hope or expectation of contribution from the other heirs at the time they made the payments, we think they would nevertheless be entitled thereto. The obligation to contribute is not founded upon contract, either express or implied, but upon principles of equity and natural justice which requires that one shall not be made to bear more than his just share of a common burden to the advantage of his co-obligors. 13 Amer. Jur. 7.

Although the taxes were paid by plaintiffs in 1931, and this suit was not filed until more than four years thereafter, the plaintiffs' right to have their claim for contribution taken into consideration in the partition of the land was not barred by limitation. Sargeant v. Sargeant, 118 Tex. 343, 15 S.W.2d 589; Hanrick v. Gurley, 93 Tex. 458, 54 S.W. 347, 55 S.W. 119, 56 S.W. 330.

The judgment of the trial court for partition of the land and denying the plaintiffs the right to contribution for all payments made by them, except for taxes, will be affirmed. The judgment denying the plaintiffs a right to contribution for the sum of $81.77 paid by them in discharge of the tax lien is reversed and remanded with instructions to the trial court to allow plaintiffs credit therefor in partition of said land.