

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL.

Honorable Geo. H. Sheppard
Comptroller of Public Accounts
State of Texas
Austin, Texas

Dear Mr. Sheppard:                    Opinion No. O-7225

Re: Under the given facts would
a tax assessment for 1946 be
legal if the description is
based on a plat which was not
approved by the Commissioners'
Court until after January 1,
1946.

We acknowledge receipt of your request for an opinion
which reads as follows:

"I am enclosing letters received by this
department from P. E. Dickison, Tax Assessor-
Collector of Bexar County, Texas, and will thank
you to advise this department the proper answer
to make to these letters."

The letters of Mr. P. E. Dickison, Tax Assessor-Col-
lector of Bexar County, Texas, are as follows:

"Sometime during the latter part of 1945 a
subdivision was surveyed out of a 98-acre tract of
land about one mile east of the City of San Antonio.
The City Commissioners refused to endorse the plat
because the streets were not as wide as they thought
they should be and some other reasons; therefore,
the plat was refused by the County Commissioners
at that time, also.

"However, a short time ago the Attorney General
ruled that the County Commissioners could not refuse
a county subdivision because of the refusal of the
City Commissioners to endorse it. Therefore, this
plat was recently filed in the County Clerk's office

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Geo. H. Sheppard, Page 2

and we are today having deeds brought into us by
purchasers of the various lots in this plat desir-
ing to assess this property under the new lot and
county block numbers.

"There is a question in our minds as to whether
we would be complying with the law if we set this
subdivision up and permitted these lots to be assess-
ed as the new owners are desiring to assess them.
However, if it would be a legal assessment, it
would relieve us of considerable work that we would
have to do later on in making separations on these
new purchases in order that they might pay their
taxes.

"Your advice on this question will be greatly
appreciated."

"We regret that our letter of April 11 was not
very specific.

"The question which we would like to have
answered in this matter is whether or not an
assessment for 1946 would be legal if the descrip-
tion is based on a plat which was not approved by
the Commissioners Court until after January 1, 1946,
although it was presented to this body before that
time and rejected for the reasons stated in our
letter of April 11 which is enclosed for reference."

As to authority for approval or disapproval on the
part of the Commissioners' Court of subdivision of real proper-
ty situated about one mile outside of the city of San Antonio,
this department rendered an opinion to Honorable A. C. Winborn,
District Attorney, Harris County, Texas, being Opinion No. 0-7125,
which is hereto attached and made a part hereof.  It will suffice
to clear up the matters of approval of subdivision  of the 98
acre tract of land.

Answering your request (further) as set out by the
supplemental letter, the law governing the matter of assessments
under the facts is as follows:

Art. 7189, R. C. S. of Texas, provides that the
assessor of taxes shall, between the first day of January and
the 30th day of April each year, in his county assess the value

Honorable Geo. H. Sheppard, Page 3

of real and personal property. Said article provides also
how this should be done.

An assessment of property for taxes involves a listing
of the property to be taxed and is indispensable prerequisite
to validity of a tax, followed by levy and collection of the
tax. The annual assessment creates a special lien upon landed
property. Constitution, Article VIII, Section 15.

McKelroy v. Hamilton, C. A. 130 S. W. (2d) 1114.

Art. 7172, V. A. C. S., reads as follows:

"All taxes upon real property shall be a lien
upon such property until the same shall have been
paid. And should the assessor fail to assess any
real estate for any one or more years, the lien
shall be good for every year that he should fail
to assess for; and he may, in listing property
for taxes any year thereafter, assess all the back
taxes due thereon, according to the provisions
of this title."

While we are not dealing with collection of taxes
here, but only the legality of assessment, we must not be un-
mindful that the lien for taxes may have to be foreclosed, and
so the assessment of necessity must be such as that the lien
for taxes will attach to the particular piece of property.

The matter of recording of plats of subdivisions or
re-subdivisions is governed by Art. 6626 as explained in Opinion
No. 0-7125 of this department hereto attached. Art. 6595 pro-
vides that the recorder (County Clerk, Art. 6591, R. C. S.)
"shall without delay, record every instrument of writing
authorized to be recorded by him, which is deposited with
him for record, . . . . . noting at the foot of the record the
hour and the day of the month and year when the instrument
so recorded was deposited in his office for record."

Art. 6596, R. C. S., provides that every instrument
shall be considered as recorded from the time it was deposited
for record.

The plat of the subdivision in question when filed for
record, became a record, and all lots, blocks and parcels as
shown in and upon said plat became separate entities as described
upon said plat for the purpose of taxation, each being described

Honorable Geo. H. Sheppard, Page 4

upon said plat and the description is necessary to identify same to fix a lien thereon for taxes.

In view of the foregoing it is our opinion that your question should be answered in the affirmative, and it is so answered.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Jos. V. Frnka

Jos. V. Frnka
Assistant

JVF:ddt

ENCLOSURE

APPROVED JUN 10 1946

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN